HARRISON *et al. v.* PERRY.

1. The main issue in an action of ejectment brought by the heirs of the grantee named in a certain deed, being whether or not this deed was delivered to such grantee, she being dead when the case was tried, the defendant, who, though not by name a party to the deed, was at the time it was signed the owner of a perfect equity in the land covered thereby, and participated in negotiations relating to its being signed by one who held the legal title, and to the disposition made of it after it was signed, was not, under the evidence act of 1866, a competent witness to prove, in his own favor, facts tending to show its non-delivery.

2. The maker of such deed, not being a party to the case, was, under said act, a competent witness to testify against his own interest as to facts connected with the delivery or non-delivery of the deed.

March 16, 1891.  Argued at the last term.

Ejectment.  Deeds.  Evidence.  Witness.  Before Judge FORT.  Harris superior court.  October term, 1889.

Reported in the decision.

C. J. THORNTON, for plaintiffs.

L. L. STANFORD and J. H. WORRILL, for defendant.

LUMPKIN, Justice.

It appears from the evidence in this case that one J. J. W. Biggers at one time owned the land in dispute. He bargained said land to J. B. Perry, taking Perry's promissory note in payment for the same and delivering to Perry his bond for titles. Afterwards, Perry paid the full amount of the purchase money. The plaintiffs, who were the heirs at law of Mary L. Harrison, a daughter of J. B. Perry, relied upon a deed signed by Biggers, which purported to convey the land to said Mary L. Harrison. The main dispute in the case was whether or not this deed had ever been delivered. For the plaintiffs it was contended, the proof showed that after Perry had paid for the land, he surrendered the bond for titles to Biggers, and procured Biggers to make the deed called for by said bond directly to his daughter, the said Mary L., or that after said deed was so made and delivered, Perry acquiesced in and ratified what had been done. On the other hand, the contention of the defendant was, that after he had paid the purchase money to Biggers, Perry's wife, who was old and very ill, and who desired that the land should be conveyed to her daughter, the said Mary L., requested Biggers so to do, and that he, accordingly, made out and signed the deed to gratify the old lady, but did not deliver it to the daughter; that on the contrary he delivered it to the defendant Perry, stating, at the time, that he made the deed to Mary to gratify old Mrs. Perry, that it was wrong to so make it, but for him (the defendant) to take it and keep it, and not deliver it to Mary, and at the proper time he, Biggers, would make the defendant Perry a title to the land in conformity to the bond; that with this understanding he, Perry, took the deed from Biggers and surrendered

to the latter his bond for titles; that said deed never was delivered, but was, without the knowledge or consent of the defendant Perry, abstracted from his house and put upon record.

1. On the trial, the defendant Perry was offered as a witness to prove the facts above recited, in his own defence; and the first question presented for our determination is, whether or not, under the evidence act of 1866, which was in force at the time of said trial, he was a competent witness for such purpose. We think he should have been excluded, both under the letter and spirit of that act. In the first place, he was a party to the case and had a direct personal and pecuniary interest in the result of it. The contest was between him and the heirs at law of his deceased daughter, Mary L. Harrison, and the effect of his testimony, if admitted, was to break down and destroy the validity of the paper which purported on its face to be a deed from Biggers conveying the land in dispute to her, under whom these plaintiffs claimed title. Moreover, we think that under the undisputed facts disclosed by this record, Perry should be treated as a party to the deed itself. It is true he was not a party thereto in name, but the facts show he had bought the land from Biggers, had paid the full purchase money therefor, and had surrendered to Biggers his bond for titles. While, therefore, Biggers held the legal title, the actual ownership of the property was in Perry, and if no dispute had arisen as to the validity or delivery˙ of the deed, Perry would stand in the same attitude as if he had taken a deed from Biggers and then himself made a deed of gift to his daughter. The deed from Biggers was signed by him, and duly attested according to law. On its face it purports to have been signed, sealed *and delivered*, and such, therefore, is the legal presumption. It was incumbent on Perry to overcome this presumption, and

this he sought to do by his own testimony; which we do not think should be allowed. If plaintiffs' theory is true, his position in the case is, for all practical purposes, precisely the same as if he, having the legal title, had made out and signed a deed conveying the land to his daughter, and was claiming that such deed had never been delivered to her.   Treating him, therefore, not only as an interested party to the case, but also as substantially a party to the contract itself which was in issue and on trial, he could not break down plaintiffs' theory by his own testimony, and is excluded from testifying, under the first exception to the evidence act of of 1866, which reads as follows : "Where one of the original parties to the contract or cause of action in issue or on trial is dead, or is shown to the court to be insane, or where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor."   Code, §3854, paragraph 1.   And this is true whether the word "party" last used in the exception quoted means party to the case, or party to the contract ; because, as we have endeavored to show, Perry was really a party to both.

2. The defendant also offered Biggers as a witness to prove the alleged facts above recited as to the non-delivery of the deed.   In our opinion Biggers was a competent witness for this purpose.   He was not a party to the case, and had no immediate interest in the result thereof.   It was his ultimate interest that the deed in question should be sustained, because it contained a warranty of the title from himself to Mrs. Harrison.   If her heirs prevailed in this suit, his warranty would be thus established, and he would be freed from further liability thereon.   If they failed to recover, he might become liable to her heirs in an action for a breach of this warranty.   It appears from the record that in no event

could he be further liable to Perry. Perry had voluntarily surrendered to Biggers his bond for titles, had accepted from Biggers the deed in dispute; and no matter whether the same was delivered or not delivered to Mrs. Harrison, the conduct of Perry had estopped him from asserting any further demand against Biggers concerning this land. When, therefore, Biggers was offered to prove circumstances which if true would tend to defeat a recovery by the heirs at law of Mrs. Harrison, he was testifying against his own interest; because, if they failed to recover the land, he was at least putting himself in a position where they might make him liable upon the warranty in the deed. In the exception to the evidence act of 1866 above quoted, no witness is prohibited from testifying against his own interest. The law simply says that witnesses coming within such exception shall not be allowed to testify *in their own favor.* It may be said that if an action at law was brought by the heirs of Mrs. Harrison against Biggers upon the warranty in said deed, he would not be permitted as a witness to testify to the identical facts which he was offered to prove in the case now pending; and no doubt this is true, but for the manifest reason that in such an action Biggers would then have a direct interest in the result of that case, and he would be forbidden by the law from testifying to facts which would aid in his defence thereto, because under those circumstances such testimony would be in his own favor. In the present case this reason does not apply; and we think for the reasons already given he was a competent witness to prove the facts recited.

It will be observed that our rulings in this case as to both the witnesses, Perry and Biggers, are based upon the language of the statute in connection with the facts, without reference to previous adjudications of this court upon questions arising under this act. It seems so

v 86-52

clear that our rulings in this case can be safely made in the manner stated, that we deem it unnecessary to review and endeavor to harmonize the various decisions already made upon this act, the more especially as a new act has been passed upon the subject, which we trust will relieve the courts from many of the embarrassments and difficulties experienced under the act of 1866.

*Judgment reversed.*