CAUSEY, administrator, *v.* WHITE, administrator.

LUMPKIN, J. 1. There was no error in allowing the amendment to the petition, and in refusing to dismiss the case on motion in the nature of a general demurrer.

2. Where in 1848, before the passage of "the married woman's law" in reference to her separate property, a deed was executed to a woman who (it may be gathered from the pleadings) had been married, before the deed was admissible in evidence as a basis for recovery by her administrator in a suit brought in 1911, after her death in 1879, there should have been some evidence to show that her husband's marital rights did not attach, so that the title remained in her.

(*a*) In the present case, while there was no proof on this subject prior to the admission of the deed in evidence, subsequently evidence was introduced tending to show that the grantee's husband was dead before the deed was made to her, so that no marital rights could have attached, and that she took and held possession as the owner.

3. Where a suit to recover land was brought by one administrator against another, an heir of the intestate of the plaintiff, who appeared to be interested in the recovery, was not competent to testify to transactions with the intestate of the defendant (Civil Code of 1910, § 5858, par. 4); but this did not render the witness incompetent to testify to conversations with one under whom the defendant's intestate claimed as an heir.

*Castleberry* v. *Parrish*, 135 *Ga.* 527 (5), 528 (69 S. E. 817); *Oliver* v. *Powell*, 114 *Ga.* 592 (5), 593 (40 S. E. 826).

4. It was not admissible to show by hearsay evidence that the possession of the defendant's intestate and of one under whom she claimed as an heir was permissive rather than adverse.

5. If competent evidence showed that a woman orally agreed or "requested" that a son living with her on certain land owned by her should have the use of it after her death so long as he lived, and that he did so remain with no paper title, it would also be competent to show that this was communicated to children and grandchildren of the woman, and that they therefore delayed bringing suit to recover the land until after the death of the son (no administration having been sooner granted), as tending to show that the possession of the son was acted on as permissive and not adverse to those claiming after his death, and to explain the delay in bringing the suit.

6. There was no error in rejecting parol evidence to show that the present defendant had brought an action of trover against the present plaintiff for the purpose of recovering possession of certain deeds.

7. Declarations of a person in possession of land are admissible to characterize the possession, as bearing on whether it was permissive or adverse, when that fact is relevant, but not to show the truth of the statements, without more. Civil Code (1910), § 5767.

8. A mere form of a deed unexecuted does not constitute color of title, and is not admissible as such.

9. Tax receipts which are not shown to include payments of tax on the property in dispute are irrelevant when offered as tending to show adverse possession. If they are shown to be for or to include the taxes on the property in dispute, and the question of adverse possession is in issue, they are admissible.

(*a*) In this case it appears in the brief of evidence that it was admitted that the son of the plaintiff's intestate, under whom the defendant's intestate claimed, had paid the taxes on the land at a valuation of $5.00 per year, "as shown in the digests." This would serve to make relevant State and county tax receipts to such person. But whether, under the admission, in regard to the payment of taxes, this would require a new trial, need not be decided.

10. While the evidence introduced by the plaintiff was to the effect that the possession of the person under whom the defendant's intestate claimed (which continued for more than twenty years) was permissive and not adverse, and that the possession of the defendant's intestate, if not also permissive, was not sufficient to establish a prescriptive title, yet there was some evidence on behalf of the defendant tending to conflict with this, such as the calling of the land his by the person first mentioned, while he occupied it, the erection by him of improvements, and the like; and the case was not one for the direction of a verdict for the plaintiff, but for submission to the jury under proper instructions.

11. Some of the grounds of the motion for a new trial are so imperfect as not to raise any question for decision. None of those not dealt with above are such as to require a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 12, 1915.

Complaint for land.  Before Judge Edwards.  Douglas superior court.  September 18, 1913.

*J. S. James,* for plaintiff in error.

*W. T. Roberts, J. H. McLarty,* and *J. R. Hutcheson,* contra.