### HALL *et al. v.* BUTLER.

1. The evidence authorized the verdict; and the points that the plaintiff was not entitled to a verdict because he came into a court of equity without clean hands, and, after long delay, were not well taken under the general grounds of the motion for new trial, especially as it does not appear that such points were presented or passed upon by the trial judge.

2. In an action brought by the grantor in a deed against the heirs at law of the grantee, to have the instrument canceled because never delivered, the grantor was not an incompetent witness, under the Civil Code, § 5858, par. 1, to testify in his own behalf to the non-delivery of the deed.

3. The charge of the court as set out in the third division of the opinion was not cause for a new trial.

4. The requests to charge, in so far as they embodied correct and pertinent legal principles, were covered by the explicit, correct, and concrete instructions given to the jury.

No. 981. FEBRUARY 14, 1919.

Equitable petition. Before Judge Kent. Laurens superior court. April 22, 1918.

In February, 1917, E. A. Butler brought an action against Cora Hall and others named, all being children of petitioner and of his deceased wife, Julia E. Butler, alleging, in substance, that on December 17, 1891, petitioner signed a paper in the form of a warranty deed in the presence of two witnesses, one of them a notary public, which purported to convey to Julia E. Butler a tract of land containing about 150 acres, upon the expressed

consideration of love and affection and of $25, the receipt of which was acknowledged in the instrument; that on the same date he had the instrument recorded in the clerk's office of the county where the land was situated; "that in about the year 1891 a proceeding to eject your petitioner from lands then described as follows was filed against him [the land to which the present action relates] ; . . that the sole and only purpose of writing and signing said deed was to give your petitioner the right to disclaim title in the aforesaid ejectment proceedings, but petitioner shows that he did not exercise that right, but did hold and retain both title and possession of the said lands in the aforesaid proceedings; . . . that said deed, having been written, signed, and recorded for the aforesaid specific purpose, and having served its purpose, was no longer effective as title or evidence of title to said land; . . . that though said deed was written, and signed by him, the same was written by his then counsel . . and in his office . . and in the presence of [the witnesses attesting the instrument], but was never delivered to the said Julia E. Butler, but that the same was placed on record by your petitioner, retained and held by him until it was subsequently destroyed by fire; . . that the said Julia E. Butler was not only not present when the said deed was signed and recorded," but was at home about fifteen miles away; that she "at that time was not aware that your petitioner had made a deed and recorded the same as aforesaid;" that "petitioner was and had been, at the time said deed was signed and recorded, and has continuously been and now is in the peaceable, quiet, exclusive, adverse, notorious, and uninterrupted possession of said land where he then, and has since, and is now operating the same as his own, and notoriously exercising exclusive ownership thereof, no other person having ever been in possession of the same since said time, as tenants or otherwise, except your petitioner, or under his immediate control as landlord of such tenants who may have cultivated some parts of said lands in the meanwhile; . . that the defendants are now undertaking to set up adverse claim by virtue of the aforesaid deed, and are threatening to sell and convey their alleged interest therein, claiming that your petitioner now has no interest except a distributive share as an heir at law of the said Julia E. Butler, and by virtue of their pretense as claimants of an interest in said lands, recently asserted

by them, your petitioner is being now deprived of the full enjoyment of the same; and that the outstanding recorded paper purporting to be an adverse title is menacing your petitioner's legal rights, and is a cloud upon your petitioner's title, sufficient to deprive him of the exclusive and full enjoyment of the aforesaid premises and its appurtenances; . . that the said Julia E. Butler never claimed or pretended to claim the said lands referred to in said deed, or any title or interest in the same, during her life-. time, nor did the character of your petitioner's possession change at the time said deed was signed and recorded, nor did it subsequently change, but continued as above" The petitioner and the defendants were the only heirs at law of Julia E. Butler, who died in 1898, intestate, owing no debts, and there has been no administration upon her estate. Among the prayers was one asking for a decree directing the cancellation of the instrument as a cloud upon petitioner's title, and that the title to the land be decreed to be in him. The defendants answered, averring that the deed was delivered to their mother, Julia E. Butler, and that the land in question was owned in common by the petitioner and the defendants; and praying, as it was not susceptible of division in kind, that it be sold and the proceeds divided among the petitioner and the defendants as the heirs at law of Julia E. Butler. On the trial there was a verdict for the petitioner. A motion for a new trial was overruled, and the defendants excepted.

*T. E. Hightower,* for plaintiffs in error.

*R. Earl Camp* and *J. S. Adams,* contra.

FISH, C. J. (After stating the foregoing facts.)

1. The motion for new trial contained the general grounds that the verdict was contrary to evidence, and without evidence to support it, and was contrary to law and the principles of justice and equity. There was ample evidence to authorize the verdict. In the brief for the plaintiffs in error it is contended, under the general grounds of the motion for new trial, that a new trial should have been granted because it appeared that the petitioner had not come into the court of equity with clean hands, by reason of the purpose for which he executed the instrument sought to be canceled, and on account of his long delay in asking for this relief. The petition set forth the plaintiff's case, and he submitted evidence sufficient to authorize the jury to find in his behalf. There was

no demurrer to the petition, and, so far as the record discloses, no point was made on the trial as to the plaintiff's fraudulent purpose in executing the deed to his wife, or as to his delay in bringing an action for the cancellation of the paper.

2. The plaintiff testified: "I never did deliver the deed to anybody. I never authorized anybody to deliver this deed to anybody; it has never been delivered to anybody with my consent. No person ever took possession of this land under this deed. Mrs. Butler, my wife, never did have this deed in her possession or in her hands in her life, in my presence. She never did have this deed in her possession or in her hands, with my consent or knowledge. My wife never did have this deed in her possession at any time when Mrs. Hall was present, or when any discussion was up about selling the land; not when I was present." This testimony was admitted over the defendants' objection on the ground that the witness was incompetent to testify as set forth, because Mrs. Butler, to whom the deed purported to have been made, was dead, and that the witness, being a party to the action, was incompetent to testify as to transactions and communications between himself and his deceased wife. The witness was not incompetent, and the court did not err in admitting the testimony. Paragraph 1 of section 5858 of the Civil Code declares: "Where any suit is instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person, whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." The plaintiff and the defendants were heirs at law of Mrs. Butler. The defendants, however, were not indorsees, assignees, transferees, or personal representatives of Mrs. Butler, so as to render the plaintiff an incompetent witness, in this action, as to transactions or communications with his deceased wife. In *Boynton* v. *Reese,* 112 *Ga.* 354 (3), 357 (37 S. E. 437), it was held: "A grantee in a deed against whom a petition for the cancellation thereof is brought by an heir at law of the grantor is not, because of the fact that such grantor is dead, disqualified from testifying as to communications and transactions between the

deceased and the witness leading up to the execution of the instrument." Like rulings were made in the following cases: *Oliver* v. *Powell,* 114 *Ga.* 592 (5), 601 (40 S. E. 826); *Causey* v. *White,* 143 *Ga.* 7 (3), (84 S. E. 58); *Goddard* v. *Boyd,* 144 *Ga.* 18 (85 S. E. 1013); *Rudulph* v. *Washington,* 146 *Ga.* 605 (91 S. E. 560).

The decision in *Harrison* v. *Perry,* 86 *Ga.* 813 (13 S. E. 88), was based on the act of 1866, which provided that "where one of the original parties to the contract or cause of action in issue or on trial is dead, or is shown to the court to be insane, or where an executor or administrator is a party in any suit on the contract of his testator or intestate, the other party shall not be admitted to testify in his own favor." This act was changed by the act of 1889, as amended by the act of 1893, now embodied in the Civil Code, § 5858, par. 1.

The testimony to the effect that the witness never delivered the deed to anybody, nor ever authorized anybody to deliver it, and that it was never delivered to any one with his consent, was not subject to objection that it was the mere expression of his conclusion.

3. Exception to the following charge was one of the grounds of the motion for new trial, viz.: "I charge you that if E. A. Butler executed the deed, signed .it in the presence of witnesses, and had it recorded in the county where the land lay, this would be prima facie evidence that it was delivered; that is, such evidence as would authorize the jury to believe that it was delivered, unless there was some evidence showing that it was not, and that E. A. Butler did not intend to make and deliver it by what he had done." The exception to this charge was that in using the words "some evidence" the court thereby instructed the jury that the onus would be shifted if "some evidence" was introduced by the plaintiff showing that he did not intend to make and deliver the deed in question. We do not think this a fair criticism of the charge. The instruction was to the effect that the prima facie case stated by the court would be overcome if there was "some evidence *showing*" to the .contrary, not merely that such prima facie case would be overcome if any evidence submitted tended to show the contrary. "Evidence showing the contrary" means evidence proving the contrary to be true. At any rate, in view of the clear, explicit, and concrete instructions given to the jury, we are of the opinion that

this ground of the motion did not require the grant of a new trial.

4. The requests to charge, in so far as they embodied correct and pertinent legal principles, were covered by the explicit, correct, and concrete instructions on the issues in the case.

*Judgment affirmed. All the Justices concur, Atkinson, J., specially.*