CHAMBLEE *et al. v.* JOHNSON.

No. 15492.   June 6, 1946.

842

*Graham Wright*, for plaintiffs in error.

*Espy, Lanham & Parker*, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Johnson's right to a recovery must stand or fall upon whether or not he had acquired prescriptive title to the land by written evidence of title and seven years adverse possession, as provided in the Code, § 85-407. Written evidence of title was supplied by the introduction of deeds to the land into his father and by a deed from his father to him.

"Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Code, § 85-403. In the instant case, there was no evidence of inclosure or cultivation, so the question presented is whether the evidence was sufficient to establish possession by "any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." This becomes a question of fact for the jury. *Flannery* v. *Hightower*, 97 *Ga.* 592 (3) 606 (25 S. E. 371). "The rule requiring continuity of possession is one of substance and not of absolute mathematical continuity, provided there is no break so as to make a severance of two possessions." *Walker* v. *Steffes*, 139 *Ga.* 520 (9) (77 S. E. 580); *Anneberg* v. *Kurtz*, 197 *Ga.* 188 (28 S. E. 2d, 769, 152 A. L. R. 338). Applying the foregoing rules of law to the facts, there was sufficient evidence to authorize the jury to find that, during the time required for the ripening of prescription, Johnson did such acts and held out such signs to indicate adverse possession. The instant case is distinguishable upon its

facts from *McCook* v. *Crawford*, 114 *Ga.* 337 (2) (40 S. E. 225), and *Clark* v. *White*, 120 *Ga.* 957 (2) (48 S. E. 357).

■ The court charged as follows: "The court has permitted to go to you in the trial of this case certain evidence. The plaintiff has offered certain tax receipts, which, he contends, were issued to him and his father for the years shown by the receipts. I charge you that the court permitted these receipts to be offered in evidence, not as evidence of title to the property, for I charge you now that the payment of taxes is not itself evidence of title to the property, but it was permitted to go to you, for your consideration, giving it such consideration as you think it entitled to receive, only as a circumstance to show possession, if it does, and you have the right to consider that in determining the extent of possession of the plaintiff, if it shows or illustrates anything on that question."

Exceptions thereto allege error, "for the reason that payment of taxes is not possession or evidence of possession, and the court having instructed the jury that they could consider the payment of taxes in determining the extent of the possession of plaintiff, the same was contrary to law and highly prejudicial."

The exception is not meritorious. While the payment of taxes is not itself evidence of title (*Scott* v. *Cain*, 90 *Ga.* 34, 15 S. E. 816), yet it is admissible as a circumstance tending to prove adverse possession. *Mitchell* v. *Crummey*, 134 *Ga.* 383 (5) (67 S. E. 1042); *Causey* v. *White*, 143 *Ga.* 7 (9) (84 S. E. 58); *Crider* v. *Woodward*, 162 *Ga.* 743 (11) (135 S. E. 95). Substantially the same charge was approved in *Mitchell* v. *Gunter*, 170 *Ga.* 135 (152 S. E. 466).

■ By the third ground of the amended motion exception is taken to the introduction in evidence of an amendment to the petition which contained various data as to deeds conveying the land in question, and referred to in the amendment as an abstract of title. This document set forth memoranda of many recorded deeds transferring the land in question, including the deeds upon which Johnson predicated his title, and also deeds in which Chamblee, the defendant in the lower court, and his predecessors in title were grantees. The document appears to set forth all deeds conveying the land in dispute which have been recorded; but it does not set forth a connected chain of title in either of the parties to the suit.

Inasmuch as the document was part of the petition and would have gone out with the jury anyway, and it showed defects in Johnson's recorded title, and data tending to support Chamblee's title, as the deeds relied upon by Johnson to show his written title were separately introduced, as there was no evidence in behalf of Johnson seeking to establish title except such as to show adverse possession under these deeds—therefore we fail to see how the admission of this evidence was so injurious as to amount to reversible error.

*Judgment affirmed. All the Justices concur.*