GUNN v. PETTYGREW et al.

| 93 | 327 |
| 96 | 204 |
| 93 | 327 |
| 103 | 91 |
| 93 | 327 |
| 107 | 154 |
| f107 | 290 |
| 93 | 327 |
| f112 | 250 |
| 112 | 358 |
| 112 | 633 |
| 93 | 327 |
| f130 | 687 |

1. Under the evidence act of 1889, a party is not incompetent as a witness by reason of the death of a person whose estate is to be affected by the result of suit, unless the suit is prosecuted or defended by the personal representative, and the widow is not such in a proceeding in behalf of herself and minor children to obtain a year's support. By the terms "personal representative" the statute embraces only an administrator, executor, or other person entitled to represent the decedent in the ownership or management of his general estate. It follows that one contesting with the widow the title of the decedent to property set apart or sought to be set apart for a year's support, is not incompetent as a witness against her because of her husband's death.

2. According to Cheney et al. v. Cheney, 73 Ga. 66, the applicant for a year's support is, upon the trial of an appeal in the superior court from a judgment of the ordinary, entitled to open and conclude, where the contest is with the representative of the estate. But according to Robson v. Harris, 82 Ga. 153, where the contest is with an adverse claimant of the property, the burden of proof is upon the latter, from whence it follows that he is entitled to open and conclude when both parties introduce evidence.

3. As to some of the hay set apart in this case, the uncontradicted evidence indicates that it was the property of the caveator and was never the property of the decedent nor claimed by him.

4. On the trial of objections to a year's support, as provided for by the act of Oct. 9th, 1885, where the sole issue is as to title to the property set apart, a verdict finding for the applicant against the caveator a sum of money is contrary to law. The only legal finding in such a case is for or against the applicant on the question of title to the property in controversy.          Judgment reversed.

January 27, 1894.

Appeal. Before Judge BARTLETT. Bibb superior court. April term, 1893.

Mrs. Pettygrew and her children had set apart to them as year's support, out of the property of W. M. Pettygrew, among other things 100 bushels of corn, 3 beds of seed-cane, 70 bushels of seed potatoes and 20,000 pounds of hay. Gunn caveated the return of the appraisers as to the corn, potatoes and cane, because those articles were not the property of Pettygrew, but were owned

and possessed by Gunn; and as to the hay, because it was raised and owned by Gunn, as the crop of the then year, and never was either owned or claimed by Pettygrew.

1. Gunn, as a witness in his own behalf, was asked the following questions: "Who controlled the land upon which the hay in controversy was grown? Was the land upon which this hay was grown ever in the possession or control of Pettygrew? Who gathered and harvested the hay? Was the hay in controversy ever in the possession or control of Pettygrew? In whose possession was this hay at the time of Pettygrew's death? To whom did this hay belong?" Defendant's counsel stated to the court that he expected to show, by the answers to these questions, that the land upon which the hay was grown was in defendant's control, and had never been in the possession of Pettygrew; that the hay was gathered and harvested by defendant, and had never been in possession of Pettygrew; and that it was the property of defendant. The court refused to allow the questions and admit the testimony, upon the ground that Pettygrew was dead. This ruling is assigned as error.

2. Error is further assigned, because the court refused to allow Gunn's counsel to open and conclude the argument to the jury, but allowed this to plaintiff's counsel.

3–4. The case was tried on appeal from the court of ordinary. The verdict was: "We the jury sustain the report and return of the commissioners, and find in favor of the plaintiff, that the value of the property in the hands of U. M. Gunn is valued at one hundred and seventy-four 50-100 dollars." The motion for new trial by Gunn contains the general grounds that the verdict is contrary to law and evidence.

L. D. MOORE, for plaintiff in error.

J. A. THOMAS, *contra.*