· Harris *v.* Whitney, and *vice versa.*

112   633
Case 1
130   688

LITTLE, J.   1. A grantee in a deed made by an intestate was, on the trial of an action brought by the grantor to cancel the instrument, which action, after his death, was by consent proceeding in the name and individual right of his widow to whom the land conveyed had been set apart as a year's support, a competent witness (notwithstanding the fact that the grantor was dead) to testify as to what transpired between the witness and the grantor with respect to the transaction resulting in the deed, as well as to the condition of the mind of the grantor at the time of its execution.   Civil Code, § 5269 ; *Gunn* v. *Pettygrew*, 93 *Ga.* 327 ; *Austin* v. *Collier*, 112 *Ga.* 247 ; *Boynton* v. *Reese,* Id. 354.

2. Failure to charge upon an issue not made by the pleadings was not erroneous. Thus, where the defendant in a proceeding to cancel a deed did not in his answer set up any claim to restitution of the consideration as a condition precedent to the alleged right of cancellation, it was not improper for the judge in charging the jury to omit any instruction with reference to this matter.

   *Judgment on both bills of exceptions affirmed.   All the Justices concurring.*

Argued January 8, — Decided January 25, 1901.

Equitable petition.   Before Judge Lumpkin.   Fulton superior court.   April 14, 1900.

. *Daley & Hall,* for plaintiff.

*Frazer & Hynds* and *Westmoreland Brothers,* for defendant.