## STEWART *et al. v.* ELLIS.

1. Where the holder of a bond for title from a deceased person filed an equitable petition against the widow and children of such person, claiming that all of the amount lawfully due had been paid, and seeking to have the title decreed to be in such obligee, and the widow and children of the decedent claimed title by reason of having obtained the land to be set apart to them as a year's support from the estate, the obligee in the bond was not rendered incompetent as a witness to testify to the correct amount of indebtedness to the decedent because of the death of the latter.

2. Although the judge may have excluded certain evidence given by a witness, yet when he subsequently permitted substantially the same evidence to be given by the same witness, this furnished no ground for a new trial, whether or not the original ruling was erroneous.

3. If time of payment by the obligee is of the essence of a contract under a bond for title, it may be waived by the conduct of the obligor, such as suing for the purchase-money, instead of treating the contract as at an end.

4. A wife can not bind herself by the assumption of a debt of her husband, but if she gives a note for his debt, and it is sued to judgment against her, she is concluded thereby, and can not thereafter deny that the debt so placed in judgment was hers.

5. A mere accidental slip of the tongue by which the presiding judge referred to one of the parties as "the defendant," when he should have said "the plaintiff," will not require the grant of a new trial, where the context plainly shows what was intended, and no harm could have resulted from such inadvertence.

6. None of the grounds of the motion for a new trial require a reversal.

Argued February 5,—Decided May 16, 1908.

Equitable petition. Before Judge Reagan. Fayette superior court. January 23, 1907.

Mrs. Katie C. Ellis filed her equitable petition against Mrs. L. B. Stewart et al., alleging as follows: The plaintiff and her sister owned a certain tract of land which they agreed to exchange with one Gilbert for another tract. The plaintiff's husband owed debts amounting to $150, and it was agreed that if Gilbert would pay these, she and her sister should make a deed to him, together with promissory notes for the amount of such debts so paid, and take a bond for title to the other land. This was done. Her husband became indebted to Stewart & Ward and W. B. Stewart. By agreement with Stewart and at his instance, a deed to a portion of the land, which belonged to the plaintiff, was made to Stewart, and he paid Gilbert $150. Stewart made her a bond for title, and she signed certain notes. The amount of her husband's indebtedness to Stewart was claimed to be $400. It was proposed that the husband should make notes for that amount, and that she should make notes for $150. In fact the notes which were presented to her and which she signed were for the whole $550, and in the bond for title the debt to be paid was stated at that amount. All that was lawfully due to Stewart by her was paid. She went to Alabama, leaving a tenant in possession. Stewart took possession of the land without authority, and rented it and received rents from it for several years. Upon an accounting nothing would be due Stewart. Later he died, and his widow had the property set apart to her and her children as a year's support. Plaintiff returned to Georgia, and at one time, finding the property vacant, took possession of it. Mrs. Stewart made an affidavit alleging that the plaintiff and her husband were intruders, and seeking to have them ejected. A counter-affidavit was filed and returned to the superior

court for trial. Another proceeding for forcible entry and detainer was begun against her and her husband. It was sought to have the last-mentioned proceeding enjoined, to have all the questions between the parties tried in one suit, and to have it decreed that she was the owner of the land, and that Mrs. Stewart and her children had no interest in it. The defendant Mrs. Stewart denied the substantial allegations of the plaintiff, especially as to the agreement set up by her, or that she was entitled to the property. Defendant also set up, that Stewart had purchased the land and agreed to sell it to the plaintiff, taking her notes and giving bond for title, in which it was stipulated that time was of the essence of the contract; that the plaintiff abandoned the premises and moved to Alabama, delivering up the property to Stewart, and that he went into posesssion, and so remained until his death, when the property was set apart as a year's support to his widow and children; that he built substantial and valuable improvements upon the land and paid the taxes thereon; that the plaintiff paid only a very small amount on the original contract of purchase before abandoning the land; and she has no right to or interest in it. The jury found for the plaintiff. A motion for a new trial was overruled, and the defendants excepted.

*J. W. Wise*, for plaintiffs in error.

*A. O. Blalock* and *J. F. Golightly*, contra.

LUMPKIN, J. (After stating the facts.)

1. The controversy was between one who held a bond for title from a deceased person, and the widow and children of the latter, who claimed the land involved, as having been set apart to them as a year's support. The plaintiff was allowed to testify as to the amount which she owed the decedent. Objection was made to this, on the ground that she was an incompetent witness on that subject. No personal representative of the deceased obligor was a party to the case, nor was any endorsee, assignee or transferee. His widow and children, who claimed the property by virtue of having had it set apart as a year's support to them, did not in law occupy any of these positions; and the code declares that no exceptions to the rule rendering witnesses competent shall be allowed except those stated in the law itself. The point has been expressly ruled in *Gunn* v. *Pettygrew*, 93 *Ga.* 327 (20 S. E. 328). And see also

Civil Code, §§ 5269, 5270; *Harris* v. *Whitney,* 112 *Ga.* 633 (37 S. E. 883).

2. The judge ruled out certain evidence as to the value or price of cotton at a specified time, but subsequently allowed the same witness who was then being examined to testify as to its value. If there was any error, it was substantially cured, and did not remain so as to require a new trial.

3. Exceptions were taken to several charges of the court on the subject of 'whether the bond for title was so worded as to make time of the essence of the contract, and, if so, whether the obligor waived any forfeiture or loss of position by subsequently bringing suit or seeking to enforce the debt covered by the bond, or a part of such debt. If time is of the essence of a contract, it may be waived; and subsequent conduct of the obligor may have that effect, such as suing for the purchase-money which would be due under the bond for title, or other like conduct, instead of treating the contract as at an end. *Jordan* v. *Rhodes,* 24 *Ga.* 478; *Chapman* v. *Ayer,* 95 *Ga.* 581 (23 S. E. 131); *Moody* v. *Griffin,* 60 *Ga.* 459. When the charges on this subject which are complained of are read in the light of the evidence and of the entire charge, they do not contain reversible error.

4. A wife is not liable for the debts of her husband, and can not render herself so by assuming them. But if she gives a note for the debt of her husband, and suit is brought and judgment recovered thereon, she can not thereafter set up the fact that the debt was that of her husband. She is concluded on this subject by the judgment. The court so charged in substance, and his charge, when taken altogether, did not present any such inaccuracies as to require a new trial.

5. This case was not a suit on the notes, but arose on an equitable petition filed by the wife, who had signed them. In one portion of his charge the judge inadvertently stated that the burden was on "the defendant" to show what part of the consideration of the notes represented the debt of the husband, if any. But the immediate context showed that this was a mere lapsus linguæ, a patent inadvertence, and one which could not have hurt the defendant. The judge at once proceeded to state to the jury that "if the plaintiff is unable to show what part of the notes represents the debt of the husband, and what part represents her debt, then

she would have no right to a reduction on that account, but would be liable for the whole amount of the notes, if she executed and delivered them." In the light of its context, this mere verbal slip could not have done any harm, and does not require a new trial. *Southern Bell Tel. Co.* v. *Jordan,* 87 *Ga.* 69 (13 S. E. 202); *Blackshear* v. *Dekle,* 120 *Ga.* 767 (48 S. E. 311); *Southern Ry. Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908).

6. An examination of the other grounds of the motion for a new trial, in the light of the evidence and of the entire charge, fails to disclose any reversible error. There is nothing in these grounds which requires elaborate discussion. The justice of the peace before whom the forcible entry and detainer proceeding was begun was made a party defendant along with the plaintiff in such proceeding; but no question was raised or decided in regard to it, and we will not deal with it.

<div align="center">

*Judgment affirmed. All the Justices concur.*