## TURNER v. WOODWARD.

1. An equitable action was brought by a man, alleging, that, by a deed absolute on its face, he had conveyed land to his wife to secure an indebtedness, which he had paid off; that she had destroyed the security deed, supposing that this reinvested him with title, and had subsequently made to him a conveyance in the form of a deed of bargain and sale, but without an order of court approving it; that subsequently she had conveyed the land to her daughter by deed of gift, which the plaintiff sought to cancel as a cloud on his title. *Held,* that the grantee in the deed of gift was an assignee or transferee of the title, within the meaning of the Civil Code (1910), § 5858, par. 1, and the plaintiff was incompetent as a witness to testify to transactions between himself and his deceased wife.

2. The evidence failed to sustain the allegations of the petition, and there was no error in granting a nonsuit.

MAY 11, 1911.

Equitable petition. Before Judge Martin. Laurens superior court. January 25, 1910.

*T. L. Griner* and *Hines & Jordan,* for plaintiff.

*A. F. Daley, H. P. Howard,* and *P. L. Wade,* for defendant.

LUMPKIN, J. Turner brought an equitable action against Mrs. Woodward, seeking to have a deed which had been made by Mrs. Turner to Mrs. Woodward cancelled and the title of the plaintiff decreed to be perfect. The case has been to this court on exceptions to the sustaining of a demurrer. *Turner* v. *Woodward, 133 Ga.* 467 (66 S. E. 160). The plaintiff alleged that he had borrowed money from his wife and had made a deed to her to secure the loan,

though the deed was absolute in form; that he had paid the loan, and his wife had destroyed the deed, intending thereby to revest the title in him; that his wife thereafter made a conveyance to him by deed of bargain and sale, with warranty of title; but no bargain and sale was in fact made, and such conveyance was not allowed by order of the superior court; that subsequently she executed to her daughter, Mrs. Woodward, a deed of gift. An amendment was made, to the effect that the deed of Mrs. Turner to the plaintiff was a gift, inasmuch as he had paid all the money which she had loaned to him. This court construed such amendment as not substantially varying the allegations of the petition. Presiding Justice Evans said: "In the amendment it is alleged that the deed from the wife to the plaintiff was a gift, but in view of the other allegations we construe this averment to mean only that no consideration passed from the wife to the husband other than the repayment of the wife's debt due to her by the husband." When the case came on again for trial, after the close of the plaintiff's evidence, the judge granted a nonsuit, and the plaintiff excepted.

1. The court refused to permit the plaintiff to testify that the deed from his wife to him was a deed of gift to him from his wife, as he had given her this property; that he had made a previous deed to her because she had given her notes to creditors of his, and was to make the title back when he paid these notes; that he had paid off such notes, and that she had then made this deed back to him. The objection raised was that the witness was incompetent to testify to such facts, because his wife was dead, and this suit was being defended by her assignee or transferee of the land in dispute. The court ruled correctly, under the decision in *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438), and *Hendricks* v. *Allen*, 128 *Ga.* 181 (57 S. E. 224). It was contended that these decisions were in conflict with certain previous decisions, which were cited. To this contention we can not agree. In *Heard* v. *Phillips*, 101 *Ga.* 691 (31 S. E. 216, 44 L. R. A. 369), a transferee of a bond for title had taken a deed from the obligor of the bond, and brought suit to recover possession of the premises, so conveyed to him by deed, from one who acquired possession under the original obligee, who was dead at the time of the trial. It was held that the defendant did not fall within any of the classes of persons excluded as witnesses by the terms of paragraph one of section 5269 of the Civil

Code of 1895 (Civil Code (1910), § 5858). In *Ray* v. *Camp*, 110 *Ga.* 818 (36 S. E. 242), it was held, that although one may have been a party defendant to and interested in the result of a case instituted by the personal representative of a deceased person, such defendant was not incompetent to testify to what was said in a conversation had, not with him, but in his presence between the plaintiff's intestate and another, such conversation being neither a transaction nor a communication between the witness and the deceased. In *Florida Central &c. R. Co.* v. *Usina*, 111 *Ga.* 697 (36 S. E. 928), it was held that when, in the trial of a suit against a corporation for a breach of contract, the terms of a contract between the defendant and a deceased individual not a party to the case were collaterally relevant, an agent of the defendant, who acted for it in making the contract with such individual, was not, because of the death of the other contracting party, incompetent to testify with respect to the transaction. In *Austin* v. *Collier*, 112 *Ga.* 247 (37 S. E. 434), it was held that legatees under a will were not endorsees, assignees, or transferees, or personal representatives of the deceased, so as to render a plaintiff who sued to recover the land from them an incompetent witness. In *Boynton* v. *Reese*, 112 *Ga.* 354 (37 S. E. 437), a similar ruling was made as to an heir at law. In *Harris* v. *Whitney*, 112 *Ga.* 633 (37 S. E. 883), the suit, as it came on for trial under a consent substitution of a party, was between a grantee of an intestate and his widow claiming a year's support. It was held that the widow did not fall within the description of the statute, so as to render the grantee of the intestate an incompetent witness. It will readily be seen that the facts of each of these cases differentiate it from the one now before us, and that there is no conflict between the decisions then made and that now rendered. It should also be noticed that they were rendered in cases which arose prior to the act of December 18, 1900 (Acts 1900, p. 57). This act added to the excluding paragraph of the section of the code, to which reference has been made, these words: "whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person."

2. The evidence did not sustain the allegations of the petition, with or without the amendment; and there was no error in granting a nonsuit.     *Judgment affirmed.     All the Justices concur.*