## HUDSON *v.* BROUGHTON.

HILL, J. 1. "Where any suit is instituted or defended by a person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person [whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person.]" Park's Ann. Code, § 5858, par: 1. Consequently, on the trial of an action to recover a house and lot, brought by a vendee in a warranty deed against a donee in possession under claim of a parol gift from the same transferor to an undivided half interest in the lot, with valuable improvements made thereon by the donee, and with actual notice to the plaintiff by the donee prior to and at the date of the deed from the vendor to the vendee, where at the time of trial the vendor and donor was dead, it was not error to refuse to permit the plaintiff and her agent to testify as to alleged conversations and transactions with the vendor relative to the transfer of the house and lot to the plaintiff. *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438) ; *Hendricks* v. *Allen*, 128 *Ga.* 181 (57 S. E. 224) ; *Turner* v. *Woodward*, 136 *Ga.* 275 (71 S. E. 418).

2. On the trial of such suit as just indicated it was not error, over an objection that it was irrelevant, to permit the defendant (the donee) to testify that prior to the death of the donor (the alleged husband of the witness), when he was having his will drawn by an attorney, the witness said to the attorney in the presence of the husband that she had an interest in the property in controversy, and that the donor at that time made no response, and she also at the same time told the donor that she would not vacate the premises now in dispute. Such

evidence was material on the issue whether the donor had made a gift of the house and lot to the donee and she had acquired an interest therein.

3. Where on such trial a witness for the plaintiff, not a party to the case, testified to the effect that she married the vendor and donor thirty or forty years before the trial, that she had four children as the result of such marriage, and that she had never been divorced from him and had never been served with any notice of a suit for divorce, it was not error to exclude such testimony on the ground that it was irrelevant and immaterial to the issues involved in the case.

4. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 253.   JANUARY 16, 1918.

Complaint for land. Before Judge Hammond. Baldwin superior court. March 5, 1917.

*Allen & Pottle,* for plaintiff.

*L. Kenan, E. R. Hines,* and *D. S. Sanford,* for defendant.