FAIRCLOTH *v.* TAYLOR *et al.*

ATKINSON, J.  1. Where a general judgment is rendered against one defendant in a suit upon a promissory note, and an execution is duly issued thereon, a levy thereof, shown by the sheriff's entry, "Levied within fi. fa. on lot of land No. 93 in the 12th district of Wilcox County, Ga., September 10, 1896," without further statement as to whose property the land was levied on, is valid. *McKoy* v. *Edwards*, 65 *Ga.* 328.

2. Where in a petition it is distinctly alleged that a described mortgage was executed by the mortgagor to the mortgagee, and duly recorded in the office of the clerk of the superior court, and the defendant's answer expressly admits that the mortgage was executed as alleged, and fails to deny that it was duly recorded, it is not sufficient objection to the admissibility of the mortgage in evidence, that it does not appear to have been executed in such manner as to authorize its admission to record, and that there is no proof of its execution.

3. It is provided in the Civil Code, § 5858, that no person offered as a witness shall be excluded by reason of incapacity from giving evidence, except in cases specifically provided for. The first exception is, "Where any suit is instituted or defended by a person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person." The action was complaint for land, instituted by a purchaser at a sheriff's sale against a defendant in fi. fa. and his wife. The wife relied on a deed from her husband, made before the creation of the debt. The debt was secured by a mortgage. There was no foreclosure of the mortgage, but suit was instituted upon the note, and a general judgment was obtained. The sheriff's sale was under the fi. fa. issued upon this judgment. The attorney at law representing the mortgagee at the time of taking the mortgage was also representing the mortgagee in the subsequent suit upon the note, as well as at the sheriff's sale. The property was knocked off to the attorney at law as agent for his wife, and a deed to her was duly made by the sheriff. At the time of the trial of the suit to recover the land, the mortgagee and the attorney were dead. Both defendants proposed to testify that at the time of the execution of the mortgage the wife of the defendant in fi. fa. notified the attorney for the mortgagee of her claim to the property. The court declined to admit this testimony, on the ground that the witnesses were incompetent. *Held:* (*a*) The purchaser at the sheriff's sale was not an assignee or transferee of the mortgagee, within the meaning of the quoted exception, supra. (*b*) The husband of the purchaser was not her agent at the time when, as the defendants offered to testify, notice was given to him of the adverse claim of title. (*c*) The witnesses were not incompetent to testify under any of the exceptions provided in the Civil Code, § 5858. (*d*) The case is distinguishable, upon its facts, from *Turner* v. *Woodward*, 136 *Ga.* 275 (71 S. E. 418); *Wall* v. *Wall*, 139 *Ga.* 270 (77 S. E. 19, 45 L. R. A. (N. S.) 583), and *Hendricks* v. *Allen*, 128 *Ga.* 181 (57 S. E. 224). Cf. *Hudson* v. *Broughton*, 147 *Ga.* 547 (94 S. E. 1007).

4. " 'The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject-matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it; provided, however, that such notice or knowledge will not be imputed: 1. Where

it is such as it is the agent's duty not to disclose, and 2. Where the agent's relations to the subject-matter, or his previous conduct, render it uncertain that he will not disclose it, and, 3. Where the person claiming the benefit of the notice, or those whom he represents, colluded with the agent to cheat or defraud the principal.' " *German American Life Asso.* v. *Farley*, 102 *Ga.* 720, 738 (29 S. E. 615); Mechem on Agency, § 721.

(*a*) If at the time of taking a mortgage for his client an attorney at law received notice, from a person other than his client, of a claim of title adverse to that of the mortgagor, and subsequently at a sale of the property under an execution based upon a general judgment upon the secured debt, at which the attorney was representing the mortgagee, the attorney became the purchaser as agent for his wife, and caused a deed to the property to be made by the sheriff to her, the notice of adverse claim so received, if still in the attorney's mind and within his memory at the execution sale, will be imputed to his wife, notwithstanding he acted in the dual capacity of attorney for the mortgagee and of agent for his wife.

(*b*) Under the facts in the case, it was a question for the jury to determine whether the prior notice was still in the mind of the attorney at the time of the sheriff's sale, so as to be imputed to his wife for whom he purchased the property.

5. There is no provision of law in this State for taking testimony of a witness by ex parte affidavits for the trial of an action to recover land, or for admission of such affidavits on such trial where the witness has died since executing them.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 555.    APRIL 11, 1918.

Complaint for land.    Before Judge Crum.    Wilcox superior court.    August 4, 1917.

*Thomas H. Milner*, for plaintiff in error.

*Otis H. Elkins, N. M. Patten*, and *Hal Lawson*, contra.