## DONALD *v.* GROVES.

HINES, J. 1. Where any suit is instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person. Civil Code (1910), § 5858, par. 1.

(a) In *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438), and in *Hendricks* v. *Allen*, 128 *Ga.* 181 (57 S. E. 224), this court held that the grantee in a deed from a deceased person was, within the meaning of this statute, an assignee or transferee of such deceased person. In *Turner* v. *Woodward*, 136 *Ga.* 275 (71 S. E. 418), it was held that a donee in a deed of gift was an assignee or transferee in the meaning of this law. In *Kramer* v. *Spradlin*, 148 *Ga.* 805 (98 S. E. 487), a legatee or devisee was held by this court to be an assignee or transferee in the sense in which those words are used in the above section of the Code.

(b) But an heir at law, suing as such to have partitioned between him and another heir at law property inherited from his ancestor, is neither the personal representative nor the assignee nor the transferee of his ancestor, and the opposite party to such partition proceeding, who is also an heir at law of plaintiff's ancestor, is not incompetent to testify as to communications and transactions with the deceased ancestor which affect the right of plaintiff to recover and diminish the quantum of

interest in said property to which the suing heir would be entitled. *Boynton* v. *Reese,* 112 *Ga.* 354 (3) (37 S. E. 437); *Stewart* v. *Ellis,* 130 *Ga.* 685 (61 S. E. 597); *Rudulph* v. *Washington,* 146 *Ga.* 605 (91 S. E. 560); *Hall* v. *Butler,* 148 *Ga.* 812 (98 S. E. 549); *Cooper* v. *Johnson,* 151 *Ga.* 608 (107 S. E. 849); *Fleeman* v. *Gay,* 152 *Ga.* 189 (108 S. E. 781).

(*c*) In a proceeding brought by an heir at law of one tenant in common against the cotenant, there is no law requiring the testimony of the latter to be corroborated. Generally, the testimony of one witness is sufficient to establish a fact, even though such witness may be testifying to transactions or communications with a deceased person; and the present case does not fall within any of the exceptions to the general rule. Civil Code (1910), § 5742.

2. The other assignments of error in the bill of exceptions not being referred to or insisted upon in the brief of counsel for the plaintiff in error, the same are treated as abandoned.

3. Applying the above principles, the trial judge erred in overruling the defendant's exception to the finding of the auditor that the defendant was incompetent to testify to facts occurring prior to the death of his wife, which would defeat or diminish her interest in this property and affect the extent of plaintiff's right to recover, upon the ground that his mouth was closed by the death of his wife as to such facts.

*Judgment reversed. All the Justices concur.*

No. 4647. MARCH 12, 1925.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court: October 15, 1924.

John F. Donald and his wife, Bertha Donald, owned as tenants in common a house and lot in the City of Atlanta. They acquired title thereto under a deed from Annie E. Schenck, dated February 23, 1916. On May 29, 1916, Bertha Donald died, leaving Alma Groves, a daughter, and her husband as her sole heirs at law. After her death her husband remained in exclusive possession and use of said property. On May 27, 1922, Alma Groves filed her equitable petition against John F. Donald, in which she sought to have him account to her for her share of the rents of such property, and for a partition of such property by sale thereof, and for receivership; the same being incapable of partition in kind. In his answer Donald admitted the facts above stated. He set up that at the time Annie E. Schenck conveyed to him and his wife said house and lot, his wife paid the sum of $75 on the purchase-price, and that he paid the remainder thereof in the manner which will now be stated. They borrowed from the Atlanta Banking & Savings Company, on March 3, 1916, $675 which was used in paying the balance of the purchase-money of said property. He has

paid every dollar of this loan, his wife having died within two months after said loan was made. He has paid the sum of $90 for a sewer in front of said property, $28.20 for a fence around the same, $92.76 for city taxes, and $67.07 for State and county taxes. By an amendment he alleged that he and his wife purchased this property from Annie E. Schenck on February 17, 1911, for $900 to be paid in monthly installments of $10 for eighty months and one for $25, with a cash payment of $75. He paid forty-eight of said notes, the last one on February 25, 1915, and said loan from said bank was used to improve the property and pay the balance of the purchase-money. Since the filing of this suit he has paid $26.77 city taxes, and $11.80 State and county taxes. He is entitled to one fourth of the interest at 7 per cent. on the loan of $675 he paid the Atlanta Banking & Savings Company from the date of payment, which was September 27, 1920. He is entitled to one half of the interest on the forty-eight notes paid to Mrs. Schenck, and one fourth of the interest on the total thereof from the time of paying the last note.

The case was referred to an auditor to pass upon all issues of law and fact. The auditor ruled that the defendant could not testify to facts occurring prior to the death of his wife, which would defeat her interest in this property, upon the ground that his mouth was closed by her death as to such facts, and that even should the auditor permit him to offer such testimony he would have to accept the uncorroborated statement of one tenant in common against another whose mouth had been sealed by death. To this ruling the defendant excepted. The trial judge overruled this exception and sustained the auditor. To this ruling the defendant excepts.

The auditor further ruled that the evidence offered as to improvements made on such property was not sufficient to establish that they were made, or, if made, when they were made. For this reason he disallowed the claim of the defendant for such improvements. To this ruling the defendant excepted. The trial judge sustained the auditor and overruled the defendant's exception. The defendant assigns error upon this ruling.

The defendant further excepted to the report of the auditor on a question of fact, "in not reporting the forty-eight notes signed by John and Bertha Donald, payable to Mrs. Annie E. Schenck,

dated February 17, 1911, for the purchase-money of the property in question and paid by him with interest." The court overruled this exception, and on this ruling the defendant assigns error.

*James E. Warren*, for plaintiff in error.

*T. J. Ripley* and *W. M. Bailey*, contra.