ELEY, administratrix, *v.* REESE *et al.*

ATKINSON, J. In an action of complaint for land, the case by consent being tried by the judge without a jury, a judgment was rendered for the defendants. The exception is to a judgment overruling the plaintiff's motion for a new trial.

1. A ground of a motion for a new trial complaining of the admission of evidence and refusal to rule out evidence should show affirmatively the substance of the evidence and what ground of objection was urged to the admissibility of the evidence, and that such ground of objection was stated to the judge at the time of the ruling to which the exception relates. Applying the foregoing rule, the first and sixth special grounds of the motion for a new trial are insufficient to present any question for consideration.

2. On April 30, 1927, the plaintiff instituted suit as administratrix de bonis non upon the estate of Dr. Lewis Brooks, who died in 1862, to recover one hundred acres of land, being the east half of lot 155 in the first land district of Coweta County. The petition alleged that the land

was set apart as dower to Martha Brooks, widow of plaintiff's intestate, and that the dower estate terminated by the death of said Martha, which occurred May 20, 1927. The defendants denied that the land was set apart as dower, and alleged that the land was a part of 300 acres consisting of said land and the adjoining lot No. 185 containing 202-1/2 acres, and that the entire 300 acres were duly sold in 1866 by Charles Levell as administrator of the estate of Lewis Brooks, and were purchased by H. S. Reese, under whom defendants claim title. The judge allowed in evidence the answers of H. S. Reese (one of the defendants) to interrogatories propounded to him, to the effect that the entire three hundred acres of land was sold at administrator's sale by said Levell as administrator of the estate of Lewis Brooks, that the administrator announced at the sale that the land "was being sold subject to the rights of the widow's dower in said land," and that on the strength of such statements witness bid off and purchased all the land. At the time of the sale no application for setting apart dower had been made. The testimony was admitted over the objections, (a) that, Charles Levell being dead, the witness was incompetent to testify under the Civil Code 5858(b), par. 1, 5; that the offered testimony was an attempt to establish title to the land by declarations of the witness, without accounting for the deed which the law required the administrator to make, the presumption being that a deed was made; (c) that the testimony was contradictory "to the sworn sale bill" of the deceased administrator that he did not sell the land sought to be recovered. The second, third, fourth, and fifth special grounds of the motion for a new trial complain of the admission of the evidence over the objections above stated. *Held*:

(*a*) Where any suit is instituted by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the deceased person, as to transactions or communications with such deceased person, whether such transactions or communications were had by such . . deceased person with the party testifying or with any other person. Civil Code, § 5858, par. 1. This statute should be strictly construed, and not extended. *McLendon* v. *Baldwin*, 166 *Ga.* 794 (144 S. E. 271) ; Civil Code, § 5859.

(*b*) A "transaction" or "communication" between R and the administrator of the estate of B, deceased, is not a transaction or communication between R and B, "a deceased person," within the meaning of the foregoing statute; and consequently R is not rendered incompetent by this statute to testify to a transaction or communication with the administrator, after the death of such administrator, in a suit instituted against R by the administrator de bonis non of the estate of B.

(*c*) "No agent or attorney at law of the surviving . . party, at the time of the transaction testified about, shall be allowed to testify in favor of a surviving . . party, under circumstances where the principal, a party to the cause, could not testify; nor can a surviving party . . testify in his own favor, or in favor of a surviving . . party, as to transactions or communications with a deceased . . agent, under circumstances where such witness would be incompetent if deceased agent had been principal." Civil Code, § 5858, par. 5.

214

(*d*) The administrator of the estate of B is not an "agent" of B, within the meaning of the latter part of the foregoing clause; and consequently that provision of the statute does not render R incompetent to testify as to a transaction or communication with such administrator, after the death of the latter, in a suit instituted against R by the administrator de bonis non of the estate of B.

(*e*) Other evidence showed affirmatively that the administrator did not make a deed to the purchaser at the sale. The introduction of such evidence was sufficient to meet the objection that the evidence was an attempt to establish title by declarations of the winesses without accounting for the deed which the law required the administrator to make.

(*f*) There was no merit in the objection to the evidence that it was contrary "to the sworn sale bill" of the deceased administrator.

3. There was evidence tending to show that the administrator complied with the law, in making the sale of the entire 300 acres of land, in all respects except the execution of a deed to the purchaser, and that the purchaser paid the amount of his bid and with consent of the administrator entered possession of the land in pursuance of his purchase in 1866, and that he and those claiming under him remained in possession continuously thereafter until institution of the suit. This with other evidence was sufficient to support the judgment for defendants, rendered by the judge passing upon the case by consent without intervention of a jury; and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*

No. 7537. SEPTEMBER 20, 1930.

*Pemberton Cooley* and *E. C. Cooley,* for plaintiff.
*Hall & Jones,* for defendants.