HOOD *v.* HOOD *et al.*

382

No. 8534.   FEBRUARY 12, 1932.

384

*G. P. Martin* and *Cooley & Cooley,* for plaintiff in error.

*E. C. Stark* and *Erwin, Erwin & Nix,* contra.

HILL, J. (After stating the foregoing facts.) Two questions are for decision in the present case. The first is whether the court erred in directing a verdict for the plaintiffs; and the second is whether the evidence of the defendant, Mrs. Mattie Hood, the widow of Willis J. Hood, one of the life-tenants, was properly rejected on the trial, which evidence was in support of her answer to the petition in the suit to recover the property devised by item 2 of the will of Z. W. Hood. The answer to the first question depends upon the answer to the second. If the evidence of the defendant was properly excluded, then the direction of the verdict was proper; but if it was erroneously excluded, then the question raised by the petition and answer should have been submitted to the jury. Was the evidence properly excluded? The Civil Code (1910), § 5858, provides who are competent to testify, but there are certain exceptions to the rule, and paragraph 1 of this section provides: "Where any suit is instituted or defended by a person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person, whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." It is insisted that the plaintiff was competent to testify touching the contract of Z. W. Hood with her and her husband, and that the ruling of the

court excluding her testimony was error. This testimony, as set out in the motion for new trial, was in substance in accord with the defendant's answer. Counsel cites, in support of the proposition that the evidence excluded was admissible, *Castleberry* v. *Parrish,* 135 *Ga.* 527 (5) (69 S. E. 817), where it was held that the provision of the Civil Code just quoted "refers only to the *immediate indorsee* [italics ours], assignee, or transferee of the deceased person;" citing *White* v. *Jones,* 105 *Ga.* 26 (31 S. E. 119). In *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487), a legatee or devisee was held to be an assignee or transferee in the sense in which those words are used in the section of the Code above quoted. See also *Donald* v. *Groves,* 160 *Ga.* 163 (126 S. E. 583) ; *Dowling* v. *Doyle,* 149 *Ga.* 727 (102 S. E. 27). We are of the opinion that under a proper construction of item 2 of the will the plaintiffs are the *immediate legatees* thereunder. When this case was previously before this court (169 *Ga.* 378, 150 S. E. 552), it was held that the executors had assented to the legacy bequeathed in item 2 of the will in favor of the two life-tenants; and it has been held by this court that an assent to the life-estate is an assent to the devise over, whether it be a vested or contingent remainder. *Gay* v. *Gay,* 29 *Ga.* 549. And see *Almand* v. *Almand,* 141 *Ga.* 372, 376 (81 S. E. 228) ; *Citizens Bank of Vidalia* v. *Citizens &c. Bank,* 160 *Ga.* 109 (127 S. E. 219). There being an assent to the life-estate devised to the life-tenants, there was also assent to the devise in remainder under the same item of the will; and that being so, we think that the devise to the plaintiffs was an immediate devise under the will, whether that devise be a contingent or vested remainder, bringing the case within the ruling in *Kramer* v. *Spradlin* and *Donald* v. *Groves,* supra. That being true, the plaintiffs had the right, as *immediate legatees* under the will, to bring this suit, and the opposite party to such suit would be incompetent, under the Civil Code (1910), § 5858, par. 1, to testify in support of her answer setting up a parol contract with the testator, stated above. With this testimony excluded, there was no evidence to show that such parol contract was entered into between the testator and the defendant. There is in the record sufficient evidence to go to the jury on the question whether the terms of such a contract had been complied with by the defendant; but in the absence of such a contract itself proved, the defendant failed to make out

her case of a parol agreement fully executed; and therefore the court did not err in directing a verdict for the plaintiffs, without mesne profits. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*