23757. TRUST COMPANY OF GEORGIA, executor, *v.* KELL.

DECIDED JULY 20, 1934.

*Crenshaw & Hansell,* for plaintiffs in error.
*Little, Powell, Reid & Goldstein, D. R. Cumming,* contra.

BROYLES, C. J. Miss Carrie Kell brought suit against the Trust Company of Georgia as the executor of the estate of her brother H. V. Kell, alleging that her brother bought her interest in their mother's estate, and in consideration therefor agreed to pay plaintiff $50 per month "as long as she lives and does not marry," and, in the event of her marriage, $4000, less such monthly payments as may have been made; the contract between plaintiff and her

brother, dated June, 1918, being attached to the petition as an exhibit. She alleged further that the defendant owed her monthly installments totaling $800, and she prayed judgment for this amount together with such further monthly installments as may become due before the trial of the case. The defendant admitted that H. V. Kell made the contract with the plaintiff, but averred that, in the fall of 1929, he purchased from insurance companies annuities aggregating $50 a month payable to plaintiff, which she has received regularly, and that this annuity "was intended to fulfill the written obligation made by the said Kell." The jury rendered a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and on this judgment the defendant assigns error.

The controlling issue was whether the annuities were intended as a gift from the brother to the sister, or whether they were intended to discharge his obligation to her under his contract; and this was an issue of fact for the jury. The evidence would have authorized a verdict for either party, and only the three special grounds of the motion for a new trial are argued in the brief of counsel for the plaintiff in error.

The 1st special ground of the motion for a new trial alleges that the court erred in charging the jury that "as between brother and sister, the payment of purchase-money by one, and causing a conveyance to be made to the other, will be presumed as a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." Plaintiff in error insists that this law does not apply where the relation of debtor and creditor also exists, as in the instant case. The excerpt from the charge complained of is the law as embodied in § 3740 of the Civil Code of 1910. It is usual for the legislature to embody an exception to the general provisions in an act if such is intended. This section creates a certain presumption under the circumstances set out therein, and it makes no exception in case the relation of debtor and creditor exists. However, it does provide that the presumption may be rebutted. If the legislature had intended to make such an exception in this code section, would it not have done so, as it has done in many other sections? The very fact that the General Assembly made provision for disproving that the payment was a gift, indicates that it intended that this method should be followed, and

that the presumption of a gift would be created in *all* cases where the family relations enumerated existed. The legislature did not make an exception to this law and this court can not. Under the law as written the executor had full opportunity to rebut the presumption and prove that the annuities were not a gift, but were in payment and satisfaction of the contract obligation of H. V. Kell. This it failed to do to the satisfaction of the jury. It is well settled that the finding of a jury on a question of fact, when supported by any evidence, can not be disturbed by this court. In none of the cases from other jurisdictions, cited by counsel for the plaintiff in error, does it appear that the State had a statute similar to the one in this State, and each of the cases differs in its facts, in more or less degree, from the instant case.

The 2d special ground of the motion complains of the following charge: "This is in the nature of an affirmative defense on the part of the defendant, and it places upon the defendant the burden of proof to establish its defense by a preponderance of the evidence." The affirmative defense referred to is the plea that the defendant's testate discharged his obligation under the contract by buying the annuities for his sister. Plaintiff in error contends that this charge was error because plaintiff amended her petition by alleging that "since filing said suit there has accrued additional payments of $50 per month, and defendant is therefore indebted to plaintiff in said sums of $50 per month from the date of the filing of the suit until the trial of the cause, for which additional amounts she prays judgment;" and that to this amendment "defendant filed no plea of payment or any other plea or answer," thus leaving the burden of proof on plaintiff as to this amendment. The $50 payments mentioned in the amendment necessarily referred to the $50 payments due under the contract which was the basis of the suit, and the defendant had already set up an affirmative defense as against any obligation under this contract. The original petition, to which the contract was attached as an exhibit, alleged that payments would be due under the contract "so long as plaintiff lives and does not marry," and prayed "that she have judgment for said sums now due, *together with such further installments as will become due from the time of filing this suit until the trial of the case.*" (Italics ours.) The defendant's answer to the original petition was a plea of payment (by buying the annuities), which it had the burden of

proving. The charge of the court worked no harm to the defendant, and furnishes no cause for a new trial.

The 3d special ground of the motion alleges that the court erred in failing to give the following requested charge: "If you believe, from the evidence, that a voluntary provision in the nature of annuities to the extent of $50 a month for life was made by the deceased for his sister, the plaintiff in this case, and if you further believe from the evidence that at that time the deceased, H. V. Kell, was under obligation to pay his sister, the plaintiff, fifty dollars a month for life, the presumption is that the deceased intended said annuity provision to discharge said outstanding obligation, unless a contrary intent is proved by the circumstances." Such a charge would be in contravention to code-section 3740, supra, which creates a presumption of a gift. There is no law of the State which provides that under circumstances similar to those set out in the requested charge, "the *presumption* is that the deceased intended said annuity provision to discharge said outstanding obligation," and to have so charged would have been error. Whether or not the deceased intended that the annuities should discharge his outstanding obligation was a question of fact for the jury, on which both parties submitted evidence, and which issue of fact was determined in favor of the plaintiff.

The evidence authorized the verdict, none of the special grounds of the motions for a new trial shows cause for a reversal of the judgment, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*