BARBRE *v.* BARBRE *et al.*

No. 13621.   JUNE 16, 1941.

*A. N. Durden* and *Bennet & Peacock,* for plaintiff in error.
*Hugh Shackelford* and *Rosser Malone,* contra.

ATKINSON, Presiding Justice. ■ Ground 6 of the motion for new trial assigns error on the overruling of the objection to

testimony of plaintiff's witness, Mrs. J. C. Barbre, relating to transactions and communications with the deceased insured. It challenges the competency of the witness to give the testimony, the grounds of challenge being that she was testifying to conversations and transactions which she as agent for the petitioners had with a person now deceased. It is provided by statute that where a suit is instituted or defended by an indorsee, assignee or transferee of a deceased or insane person, the opposite party shall not be competent to testify in his own favor as to transactions or communications with such insane or deceased person; and that the agent or attorney of the surviving or sane party shall not be allowed to testify in favor of such party under circumstances where the principal could not testify. Code, § 38-1603 (1, 5). It is clear that under this statute, if the defendant in the present case is an indorsee, assignee, or transferee of Primus J. Barbre, deceased, the testimony objected to, both parties agreeing that she was the agent of petitioners, was inadmissible. In *Hendricks* v. *Allen*, 128 *Ga.* 181 (2) (57 S. E. 224), it was said: "It was not competent for the plaintiff to testify as to a transaction between himself and one since deceased, the effect of which would be to impeach the right of the deceased to convey the property in controversy to another person, when such other person or his personal representative was a party defendant in the case." In that case the legal representative of the deceased person was not a party to the suit, nor was the estate of the deceased person otherwise involved. In *Hudson* v. *Broughton*, 147 *Ga.* 547 (94 S. E. 1007), which was an action to recover a house and lot brought by a vendee against a donee in possession under claim of a parol gift from the same transferor, and where at the time of trial the vendor and donor was dead, it was said: "It was not error to refuse to permit the plaintiff and her agent to testify as to alleged conversations and transactions with the vendor relative to the transfer of the house and lot to the plaintiff." To the same effect, see *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438) ; *Turner* v. *Woodward*, 136 *Ga.* 275 (71 S. E. 418) ; *Kramer* v. *Spradlin*, 148 *Ga.* 805 (98 S. E. 487) ; *Hardeman* v. *Ellis*, 162 *Ga.* 664 (27) (135 S. E. 195) ; *Brooks* v. *Brooks*, 185 *Ga.* 549 (195 S. E. 869) ; *Smith* v. *Smith*, 187 *Ga.* 743 (2 S. E. 2d, 417). The decision in *Rosser* v. *Georgia Pacific Railway Co.*, 102 *Ga.* 164 (29 S. E. 171), dealt with the testimony of an agent of a corporation,

and it is distinguished from the present case by the language there used in the last sentence of division 1 of the opinion, as follows: "The fifth clause, which would be applicable if the defendant were a natural person, can not be made to apply to this case, because the term 'surviving or sane party' limits its application to natural persons." Though recognizing the above rule, counsel for defendants in error contend that the plaintiff in error does not come under the classification of indorsee, assignee, or transferee; and it is further insisted that the law must be strictly construed. It is true that the legislature manifested an intention that the classes of persons rendered incompetent by the statute should not be expanded beyond the express provisions of the statute (Code, § 38-1603), but this does not mean that the law should be given such a technical construction as would defeat the obvious purpose of the legislation. The fundamental purpose of the law is to prevent a litigant from supporting his claim by testimony by himself or his agent as to communications, conversations, or transactions had with a deceased person, when the opposite party claims under such deceased person. If one's claim to property is dependent upon a contract with a deceased person, he must inevitably come within one of the classifications of indorsee, assignee, or transferee of the deceased person. In the present case both sides make claim to insurance money paid on a certificate of insurance on the life of Primus J. Barbre, deceased. The deceased had absolute control of the insurance certificate, together with the right to change the beneficiary as often as he chose. At the time of his death he held a certificate which was in force, and in which the plaintiff in error was named as beneficiary. In designating the plaintiff in error as the beneficiary who was to receive the proceeds of his insurance policy, Primus J. Barbre assigned or transferred that right to him. Thus Joe Beall Barbre, the defendant, was an assignee or transferee of the deceased. If the claim asserted by the petitioners in this action be true, then the deceased was without authority to name the plaintiff in error beneficiary under the certificate. The testimony objected to was offered by the petitioners for the purpose of sustaining their claim, and was against an assignee or transferee of the deceased person. Accordingly, under the authorities above cited, it was error to allow the testimony complained of, over the objection urged.

■ The evidence might not be the same on another trial; and

accordingly no ruling is made on the general grounds. The other special grounds were expressly abandoned.

*Judgment reversed. All the Justices concur.*