T. H. *Lang* and C. H. *Dalton,* for plaintiff.
R. *Carter Pittman,* for defendants.

## WILLIE *v.* FREEMAN.

DUCKWORTH, Justice. The petition as amended, filed in the superior court, alleged in substance that a default judgment had been obtained in a city court against the petitioner on a note given for a loan to her husband, which note was secured by a deed to land owned by her, and which instruments she signed at the request of her husband; that the creditor and her husband conspired to conceal from her, and did conceal from her, the fact of the pendency of the suit and she was not served with notice thereof, though by an exhibit attached to her petition and made a part thereof it is affirmatively shown that proper service was made on her. It was alleged that the default judgment was fraudulently obtained against her in violation of a promise made by the creditor to her husband that judgment would not be sought at the term of court in which it was in fact rendered, and that the creditor was advertising the land for sale, seeking to enforce collection of the debt by foreclosure of the security deed under a power of sale contained therein. She alleged that she was without an adequate remedy at law and prayed: (a) That the default judgment be set aside; (b) that the defendant be enjoined from foreclosing the security deed and selling the land thereby conveyed;

and (c) that the note and security deed be surrendered and canceled as a cloud on her title. *Held:*

1. "A wife can not bind herself by the assumption of a debt of her husband, but if she gives a note for the debt, and it is sued to judgment against her, she is concluded thereby, and can not thereafter deny that the debt so placed in judgment was hers." *Stewart* v. *Ellis*, 130 *Ga.* 685 (4) (61 S. E. 597).

2. Accordingly, without respect to whether a judgment obtained in a city court could be set aside by a court other than that which rendered the judgment, in the absence of fraud on the part of the creditor in obtaining in the city court the judgment here involved, in a suit in which proper service was had upon the petitioner as defendant therein, such judgment concluded her as to liability represented by the note and the security deed sought to be canceled in the present proceeding; and since the only allegations as to fraud in obtaining the judgment relate to conduct of the creditor towards the petitioner's husband, who is not alleged to have been acting as her agent in any agreement as to when the action on her note would be prosecuted to judgment, no fraud as against the petitioner is made to appear, and she is not entitled to any of the relief sought. No cause of action being set forth in her petition, the trial court did not err in sustaining the defendant's general demurrer.　　　　*Judgment affirmed. All the Justices concur.*

No. 14776. MARCH 8, 1944.

Cancellation. Before Judge Humphrey. Jefferson superior court. November 9, 1943.

*Rowland & Rowland,* for plaintiff. *M. C. Barwick,* for defendant.