STEVENS et al. v. STEVENS.

ATKINSON, Presiding Justice. 1. "Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." Code, § 108-104. A trust is implied when the legal title is in one person, but the beneficial interest, from the payment of the purchase-money, is in another. § 108-106. Where, as here, the purchase money for a tract of land was paid by one, and the title thereto taken in the name of his brother, an implied trust arises. Such a trust does not arise from an agreement, but by implication of law from acts and conduct. *Berry* v. *Brunson,* 166 *Ga.* 523 (1) (143 S. E. 761); *Hudson* v. *Evans,* 198 *Ga.* 775 (2) (32 S. E. 2d, 793).

2. Where a trust is sought to be implied, the court may hear parol evidence as to the nature and circumstances of the transaction or the conduct of the parties; and the fact that the plaintiff, who paid the purchase-price, testified that a certain oral agreement was made with the grantee in the deed at the time of the conveyance, and also as to subsequent conversations in reference thereto, does not make the transaction an attempt to create an express trust by parol. While an implied trust will fail when all the facts relied on are based solely upon an oral agreement setting up an invalid express trust (see *Jones* v. *Jones,* 196

*Ga.* 492 (1), 26 S. E. 2d, 602), yet, if from all the facts and circumstances, an implied trust is established, it is not destroyed by a verbal agreement which may have constituted a part of the transaction. The verbal agreement may be shown, not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff. *Guffin* v. *Kelly,* 191 *Ga.* 880 (1) (14 S. E. 2d, 50); *Hudson* v. *Evans,* 198 *Ga.* 775 (2) (supra); *Johnson* v. *Upchurch,* 200 *Ga.* 762 (4) (38 S. E. 2d, 617).

3. The fact that Leroy Stevens paid the purchase-price of the land and caused the conveyance to be made to his brother, Morgan Stevens Jr., would be presumed to be a gift, but this presumption may be rebutted. Code, § 108-116; *McWilliam* v. *Mitchell,* 179 *Ga.* 726 (1) (177 S. E. 579); *Trust Co. of Ga.* v. *Kell,* 49 *Ga. App.* 371 (175 S. E..659).

4. Where the plaintiff furnished the purchase-price of land and had the deed executed in the name of another, and the grantee died, and following his death the property conveyed in the deed was set apart as a year's support to the widow and minor child of the grantee, in an equitable proceeding brought by the one paying the purchase-price therefor against the widow and minor child, seeking to establish ownership of the land by reason of an implied trust and to have the title decreed to be in him, the suit not being instituted against the widow and minor child as personal representatives of the deceased person, and the widow and child not holding the legal title to the land as indorsees, assignees, or transferees, the plaintiff was not incompetent, under Code § 38-1603 (1), to testify in his own favor as to transactions or communications with the deceased grantee. *Gunn* v. *Pettygrew,* 93 *Ga.* 327 (1) (20 S. E. 328); *Harris* v. *Whitney,* 112 *Ga.* 633 (1) (37 S. E. 883); *Stewart* v. *Ellis,* 130 *Ga.* 685 (1) (61 S. E. 597).

(*a*) The request to review and overrule the above decisions is denied. The ruling in each is to the effect that, where a year's support is set aside out of an estate, the holder thereof is not a representative of a deceased person, nor an indorsee, assignee, or transferee thereof. Nor is there any ruling to the contrary in *Kramer* v. *Spradlin,* 148 *Ga.* 805 (1) (98 S. E. 487), (wherein *Austin* v. *Collier,* 112 *Ga.* 247 is overruled), as the *Kramer* case (page 810) goes no further than to hold that a legatee and a devisee are assignees and transferees within the contemplation of the law. Code, § 38-1603(1).

(*b*) Whether the effect of the ruling here made is, in certain instances, to grant to the living the advantage of the dead, and the sane the advantage of the insane, by giving testimony which can not be contradicted, yet the Code says that all persons are competent to testify except those enumerated, and in the enumeration we find nothing that would prevent the plaintiff in this case from testifying. Whether it would be a better rule to prevent one from testifying in such cases is a matter for legislative and not judicial action.

5. Such grounds of the amended motion as are not covered by the foregoing rulings show no reversible error.

6. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16377. OCTOBER 11, 1948.

*R. L. Maynard* and *H. B. Williams,* for plaintiffs in error.
*Fort & Fort,* contra.