33539.   JOHNSON, executrix, *v.* BOGDIS *et al.*

DECIDED SEPTEMBER 24, 1951.   REHEARING DENIED OCTOBER 18, 1951.

742

*C. E. Presley, J. Walter LeCraw,* for plaintiff in error.

*I. T. Cohen, James M. Roberts,* contra.

MacIntyre, P. J. Under the view which we take, our decision upon the assignment of error in special ground 2, numbered 5, of the motion for a new trial will be determinative of the entire case and render it unnecessary to consider at this time either special ground 1, numbered 4, or the general grounds of the motion for a new trial.

An employee of the Citizens & Southern National Bank testified that at the time Nick Johnson's safety deposit box was opened following his death the $10,000 in question was found therein. Mrs. Johnson, sworn as a witness for the plaintiffs, testified on cross-examination: "I took $10,000 from the safety deposit box of my deceased husband after he died which was my money." In special ground 2, numbered 5, error is assigned upon the court's exclusion of certain evidence of Mrs. Johnson, offered in her own behalf, concerning certain transactions with her husband which tended to explain why the money taken from the safety deposit box belonged to her individually and not to the estate of her husband.

Code § 38-1603 provides, among other things, that: "(1) Where any suit shall be instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person."

By the terms of the deceased's will, which appear in the

brief of evidence, the plaintiffs and the defendant were to divide the residue of the estate after certain specific legacies to the defendant, with which we are not concerned, fifty percent of the residue going to the defendant and fifty percent going to the defendants as a class.

It is well established that, where a suit is instituted or defended by a representative of a deceased person, it is the *opposite* party who is not allowed upon the trial of such a case to testify to transactions had with the deceased, and that in such a case the personal representative is competent to testify (*Moore* v. *Cline,* 115 *Ga.* 405, 41 S. E. 614; *Lane* v. *Howard,* 201 *Ga.* 616 (2), 40 S. E. 2d, 537; *May* v. *Leverette,* 164 *Ga.* 552 (9), 139 S. E. 31; *Hall* v. *Simmons,* 50 *Ga. App.* 634, 179 S. E. 272); and under that rule, the defendant was competent to testify as to transactions between her and her deceased husband, which tended to explain that the money which she had taken from the safety deposit box was hers by virtue of various gifts of money made to her by her husband and also to explain the presence of the money in her husband's safety deposit box. The plaintiffs, however, contend that they, as well as the defendant, were, as legatees, to be considered also as assignees and transferees of the deceased, and as such came within the prohibition of Code § 38-1603 (1), citing *Kramer* v. *Spradlin,* 148 *Ga.* 805 (98 S. E. 487), *Stevens* v. *Stevens,* 204 *Ga.* 340 (49 S. E. 2d, 895), and *Hood* v. *Hood,* 174 *Ga.* 381 (162 S. E. 714).

While it has been held in Georgia on numerous occasions that a grantee or donee in a deed comes within the contemplation of the statute (Code, § 38-1603, (1) ) prohibiting the opposite party to testify in an action brought or defended by an "assignee or transferee" of an insane or deceased person (*Hendrick* v. *Daniel,* 119 *Ga.* 358, 46 S. E. 438; *Hendricks* v. *Allen,* 128 *Ga.* 181, 57 S. E. 224; *Turner* v. *Woodward,* 136 *Ga.* 275, 71 S. E. 418; *Hudson* v. *Broughton,* 147 *Ga.* 547, 94 S. E. 1007; *Sikes* v. *Seckinger,* 173 *Ga.* 673, 160 S. E. 911; *Culberson* v. *Everett,* 152 *Ga.* 497, 110 S. E. 275; *Smith* v. *Smith,* 187 *Ga.* 743, 747, 2 S. E. 2d, 417; *Williamson* v. *Williamson,* 176 *Ga.* 510, 168 S. E. 256)— it has never been held in this State, insofar as we are aware, that a residuary legatee comes within the meaning of "assignee or transferee" in that statute (Code § 38-1603, (1) ); and, under the

rule that this statute must be strictly construed and not extended (*Eley* v. *Reese*, 171 *Ga.* 212, 213, 155 S. E. 24; *McLendon* v. *Baldwin*, 166 *Ga.* 794, 144 S. E. 271; *Phillips* v. *Cooper*, 93 *Ga.* 639, 20 S. E. 78; *Lawson* v. *Prosser*, 146 *Ga.* 421, 423, 91 S. E. 469), we feel constrained not to extend the ruling in *Kramer* v. *Spradlin*, supra, to include a residuary legatee in the terms "assignee or transferee."

In the *Kramer* case, the Supreme Court held that where under the terms of her husband's will the widow was bequeathed a promissory note payable to him, and all his interest in a deed to certain realty, executed by the maker of the note to secure its payment, and in his will expressly authorized his widow to sue on the note if it should not be paid, and to reconvey the land to the grantor in the deed in order to have the land sold under a judgment on the note as the property of the defendant, and the executor expressly consented to the legacy and devise, the widow was the assignee or transferee of the title of the testator to the note and of his interest and rights under the deed such that the maker of the note and deed was an incompetent witness to testify as to communications and transactions between himself and the testator relative to the note and the deed. This was a specific legacy, assented to by the executor, specifically directing the delivery of the note and deed to the widow. The particular property to be delivered to her was described, and for that reason, we assume, the Supreme Court, held that the devise partook of the nature of a transfer; for as commonly understood, a transfer of property effects a change of ownership of the particular property described. A general legacy—and a residuary legacy is a general legacy (see Redfearn, *Wills and Administration of Estates in Georgia*, p. 235)—does not direct the delivery of any particular property, and does not come, for that reason, within the generally accepted meaning of "transfer."

In *Hood* v. *Hood*, 174 *Ga.* 381 (162 S. E. 714), which relies upon the *Kramer* case, supra, the court was again dealing with a specific legacy.

In *Stevens* v. *Stevens*, supra, which also cites the *Kramer* case as holding that "a legatee and a devisee are assignees and transferees within the contemplation of the law," the ruling was simply that the holders of a year's support are not assignees

or transferees of a deceased grantee in a deed such as to render the plaintiff, one seeking to establish an implied trust under the deed in question, incompetent to testify.

Since under the provisions of Code § 38-1603 all persons are competent to testify except those specifically enumerated, and it never having been held that a residuary legatee is an assignee or transferee within the contemplation of the statute so as to extend the enumerated exceptions, we find nothing in the enumeration which would prevent the opposite party to a suit instituted or defended by a residuary legatee from testifying as to communications and transactions between herself and the deceased testator, and we are constrained to hold that the trial court erred in excluding the defendant's testimony concerning gifts of money made by her husband to her prior to his death.

The position of a residuary legatee is rather analogous to that of an heir at law (Redfearn, Ibid., p. 236), and it has been frequently held that in an action instituted or defended by an heir at law the opposite party is not incompetent to testify as to transactions or communications with the intestate of the heir at law. *Harris* v. *Whitney,* 112 *Ga.* 633 (37 S. E. 883) ; *Boynton* v. *Reese,* 112 *Ga.* 354 (37 S. E. 437) ; *Smith* v. *Smith,* 206 *Ga.* 461 (57 S. E. 2d, 611) ; *Jenkins* v. *Elliott,* 180 *Ga.* 303, 310 (178 S. E. 702) ; *Donald* v. *Groves,* 160 *Ga.* 163 (126 S. E. 583) ; *Rudulph* v. *Washington,* 146 *Ga.* 605 (91 S. E. 560) ; *Helton* v. *Shellnut,* 186 *Ga.* 185 (197 S. E. 287).

From what has been said hereinbefore, it follows that the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*