## MANN v. BOWEN.

If the plaintiff and defendant, on April 10th, entered into a parol contract to go into a mercantile business on or about the next August or September, the defendant to put into the firm $3,000 or more and furnish the storehouse for the business, and the plaintiff to put in his labor and experience, manage and control the business, have one third of the profits, and conduct the business as long as they could make it profitable ; and if on the faith of this contract, the plaintiff, on July 1, gave up his position as a commercial traveler, which was paying him $75 per month, refused an offer of his then employers to remain with them at a higher salary, went to the place where the business was to be carried on with the defendant, and there remained for several weeks insisting upon defendant's carrying out his part of the contract, which he finally refused to do,—the plaintiff had a cause of action.
    June 2, 1890.

Actions. Damages. Partnership. Before Judge ROBERTS. Pulaski superior court. November term, 1889.

, ·  Reported in the decision.

·  W. L. GRICE, by brief, for plaintiff.

··  MARTIN & SMITH, for defendant.

SIMMONS, Justice.

This was an action by Mann against Bowen for damages for breach of contract. The declaration alleged in substance that on April 10th, 1884, Mann and Bowen

entered into a parol contract *to go into a mercantile business* in or about August or September, 1884; Bowen was to put into the firm $3,000.00 or more and furnish the storehouse for the business, and Mann was to put his labor and experience against Bowen's capital and manage and control the business; Mann was to have one-third of the profits, and was to conduct the business as long as they could make it profitable and paying; on the faith of this parol contract, Mann, on July 1st, 1884, gave up his position as a commercial traveler, which was then paying him $75.00 per month, and the firm who employed him offered him $100.00 per month not to quit, which he refused, and went to Hawkinsville, the place where the business was to be carried on with Bowen, and after waiting there several weeks, insisting upon Bowen carrying out his part of the contract, Bowen at last refused to do so, to his damage $1,000.00. The declaration then sets out several items of damage, which it is unnecessary to mention. To this declaration the defendant demurred, because the contract referred to was not 'to be performed within a year from the time of its making, and because no cause of action against him was set out. The court sustained the demurrer "upon the ground that the allegations in the petition do not make a case upon which plaintiff can recover."

We think the court erred in sustaining the demurrer. This was a parol contract to form a partnership in the future, and the law is well-settled that where two persons enter into a contract to form a partnership, and one of them refuses to comply with his part of the contract, the other has a cause of action against him for the breach thereof. If it was a partnership already formed, we think it is equally as well-settled that if one of the parties refuses to permit the business to be launched, the other party has a cause of action. Bates,

in his Law of Partnership (vol. 2, §870), says: "An action at law lies for damages for breach of a contract to form a partnership or enter into a firm, or to admit, or procure the admittance of, the plaintiff into a firm; for in such case partnership accounts have not been created or business transacted. And the same rule would apply if there is an actual partnership *in presenti* formed, but the defendant refuse to permit the business to be launched and exclude the plaintiff from participation from the beginning, so that no joint business has been transacted. So of partial exclusion." Lindley, in his work on Partnership (vol. 2, *558), says: "If a person agrees to become a partner, and he breaks his agreement, an action for damages will lie against him," etc. Story's Equity Jurisprudence (vol. 1, §665) says: "Cases have also occurred in which suits at law have been maintained for the breach of an agreement to furnish a certain sum or stock for the partnership purposes. In such a case the transaction is not so much a partnership transaction as an agreement to launch the partnership; and an agreement to pay money or furnish stock for such a purpose is an individual engagement of each partner to the other. For the breach of such an agreement there seems to be no reasonable objection to the maintenance of a suit at law." These writers are sustained by the following authorities: Gale v. Leckie, 2 Stark. 337; McNeil v. Reid, 9 Bing. 68; Bagley v. Smith, 10 N. Y. 489; Stone v. Dennis, 3 Porter (Ala.), 231; Manning v. Wadsworth, 4 Md. 59; Adams v. Tutton, 39 Pa. St. 447; Powell v. Maguire, 43 Cal. 11; Hill v. Palmer, 56 Wis. 123; Goldsmith v. Sachs, 17 Fed. Rep. 726.

We make no ruling upon the character or amount of damages that the plaintiff would be entitled to recover, except to say that he would be entitled to recover some damages. Upon this question, see Story's Eq. Jur. *supra*.      *Judgment reversed.*