McWILLIAM, executor, *v.* MITCHELL.

No. 10195. NOVEMBER 16, 1934.

*A. C. Corbett,* for plaintiff in error. *V. E. Adams,* contra.

BECK, P. J.   On July 12, 1920, Rhoda Mitchell purchased from Simon Friedman a house and lot in the City of Atlanta on Larkin Street for a residence.   She paid all cash, $4900, for the property. She had a younger sister, Daisy Thomas, who had some education and who was engaged in signing criminal bonds for pay in Atlanta. Daisy took charge of the actual closing of the sale after Rhoda had agreed to purchase the property from Friedman; and after Rhoda had gone to the bank and drawn the cash from the bank to pay Friedman for the property, Daisy had the deed made to herself, although all of the purchase-price was paid by Rhoda Mitchell. Daisy Thomas wanted the title to the property in her name so as to strengthen her credit or enable her to sign more criminal bonds for pay.   She claimed no interest in the property at any time during her life.   When the property was purchased Rhoda Mitchell moved into the house as her own home, occupied and still occupies it as her home, exercising all the rights of ownership, paid all state and county and city taxes in her own name, and had all improvements made and paid for them in her own name.   Daisy Thomas died six or seven years later.   D. H. McWilliam was appointed administrator of her estate; and finding the deed placing the paper title to the property in Daisy Thomas, he applied, in June, 1927, for leave to sell the real estate belonging to Daisy Thomas, including the Larkin Street property bought, paid for, and occupied by Rhoda Mitchell.   Rhoda Mitchell filed objections to the granting of leave to sell the property, and filed her petition to the July term, 1927, of the superior court, praying for cancellation of the deed from Simon Friedman to Daisy Thomas, dated July 12, 1920, and for injunction restraining McWilliam as administrator from selling the property as the property of Daisy Thomas.

McWilliam, administrator, filed his plea and answer.   A trial resulted in a verdict and judgment in favor of Rhoda Mitchell, finding the title to be in her, and that the deed should be canceled, and permanently restraining the administrator from interfering with Rhoda's possession of the property.   The administrator made a motion for new trial, which was overruled, and he excepted.

■   Considering the facts in the record, those that were not in dispute and those that were established by the verdict where the evidence was conflicting, it appears that all of the purchase-price of the property in controversy was paid at the time of the purchase

by Rhoda Mitchell, who immediately went into possession of the property as owner and has ever since exercised all right of ownership, paid all the taxes, and has borne all the other burdens of ownership. The title to the property was placed in Daisy Thomas, the deceased, for the purpose of increasing her credit, or, rather, increasing her ability to become surety on bonds, for pay, in the criminal courts of Fulton county. Daisy Thomas was never in possession of the property, and never claimed any right, title, or interest therein during her lifetime. Rhoda Mitchell, of course, knew that the title had been taken in the name of Daisy Thomas; and the controlling question in the case is, was there an implied trust created for the benefit of Rhoda Mitchell, who furnished the money for the purchase of the property?

Under the facts it appears that an implied trust was created, and the equitable title was in Rhoda Mitchell, the plaintiff. Trusts are implied "whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." Civil Code, § 3739. As appears from the evidence, Rhoda Mitchell went immediately into possession of the house, continued in possession, and the legal title was permitted to be in Daisy Thomas for the purpose merely of giving her credit as a bondsman in the criminal courts of Fulton County. Of course, under some circumstances Rhoda Mitchell, inasmuch as she knew the title was taken in the name of Daisy Thomas, would be estopped from asserting her equity; as in a case where a creditor of Daisy Thomas, in ignorance of the equity of Rhoda Mitchell, might have extended credit to Daisy Thomas. But the question of any claim on the part of a third person as giving him the right to assert such an estoppel is not involved in the case under the evidence.

■ One of the grounds of the motion for new trial assigns error in allowing a witness to testify, over objection, that "Rhoda told me she was the purchaser; she told me she is buying it for herself, and she has been living in it ever since as far as I know." The court properly admitted this evidence. "Declarations accompanying possession, and serving to explain or give character to the same, are admissible as a part of the res gestæ. Verbal claim of ownership by the occupant of the premises, made pending his actual holding, is admissible evidence, though his entry was originally without

claim of right." *Brown* v. *Cantrell*, 62 *Ga.* 257; *Jackson* v. *Jackson*, 150 *Ga.* 544 (104 S. E. 236).

■■ The rulings in the third and fourth headnotes require no elaboration.

■ Exception is taken to the following charge of the court to the jury: "If you believe that the property described in this petition was purchased; that in closing the trade Daisy Thomas, the deceased, acted for and as the agent of Rhoda Mitchell, the plaintiff, in procuring the closing of the transaction and the execution of titles to the property; that Daisy Thomas acted for and on behalf of and as the agent of Rhoda Mitchell in closing the trade; that Rhoda Mitchell furnished the money that paid for the property; that at the time the deed was prepared it was written in the name of Daisy Thomas, and that this was called to the attention of Rhoda Mitchell at the time, and she objected, but that on the insistence of Daisy Thomas, deceased, her sister, that the title be kept in her in the deed as written, that she might have a better standing on the records of property of the county for the signing of bonds for persons charged with crime; that Rhoda Mitchell did not at that time require a change in the deed, but paid for the property; and that she, Rhoda Mitchell, after paying for the property, entered into possession of it as the owner of the property; and that Daisy Thomas recognized her as the owner of the property; and that during the course of the years thereafter Rhoda Mitchell lived on the property, made valuable improvements on it, paid the taxes on it in her own right and claim of right; and that Daisy Thomas recognized the title as being in Rhoda Mitchell during these years, and made no claim to it herself, but permitted Rhoda Mitchell to live in it and claim it as hers, and make valuable improvements on it, and pay the taxes on it; then in that event the court instructs you that you would be authorized to find in favor of the plaintiff and that the deed be canceled as against Daisy Thomas, and that the title to the property be vested in the plaintiff in the case. If, on the other hand, you should believe that after the deeds to the property were taken in the name of Daisy Thomas, Rhoda Mitchell entered into possession of the property, not as owner of it, nor under claim of right, but that she entered into it and held it, not adversely to Daisy Thomas, but as a permissive occupancy of it, and not as the owner—as an occupancy of it under permission of

Daisy Thomas, deceased, then and in that event she would not be entitled to the place. Whatever is the truth of the matter is for the jury to determine; and it is your duty to take the case in the light of all the facts and circumstances of the case as disclosed in the trial of the case, and reach a verdict that will speak the truth as you find and believe the truth to be." The exception to this charge is that it ".was not adjusted to the pleadings and the evidence in said cause, the evidence showing, as movant contends, that Daisy Thomas and Rhoda Mitchell both lived on the property in question until the death of Daisy Thomas; whereas said charge intimated that exclusive possession during that time was in Rhoda Mitchell." The charge was not error for the reason assigned.

Exception is taken to the following charge of the court: "If you believe that the property described in this petition was purchased; that Rhoda Mitchell furnished the money that paid for the property; that at the time the deed was prepared it was written in the name of Daisy Thomas, and that, this being called to the attention of Rhoda Mitchell at the time of closing the transaction, she objected, but that on the insistence of Daisy Thomas, deceased, her sister, that the title be kept in her in the deed as written, that she might have a better standing on the records of property of the county for the signing of bonds for persons charged with crime, that Rhoda did not at that time require a .change in the deed, but paid for the property, . . then and in that event the court instructs you that you would be authorized to find in favor of the plaintiff." This charge is not objectionable on the ground that it authorized the jury to "set up and establish an express trust in the land in question, in favor of the plaintiff, solely on parol testimony," or on the further ground that the evidence showed that the title was placed in the name of Daisy Thomas for a fraudulent purpose which was contrary to public policy and void.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.