## Brown, executor, *v.* Brown.

Duckworth, Chief Justice. The petition of a son against the executor of his mother's estate filed in 1951, seeking to cancel a deed from the son to his mother dated January 26, 1923, reciting a consideration of $840, but alleging that no consideration was paid and the mother agreed to reconvey upon request, and alleging that he so requested in 1924, 1925, and within a period of three years before her death in November, 1949, but that she failed to reconvey and continued in possession from the date of the deed until her death, shows on its face that this action is barred since, as repeatedly held by this court, such an action must be brought within the time which would ripen into prescriptive title under Code § 85-407, and the court erred in overruling the demurrer raising this point. *Wallace* v. *Mize,* 153 *Ga.* 374, 383 (112 S. E. 724); *Citizens & Southern Bank* v. *Ellis,* 171 *Ga.* 717 (156 S. E. 603); *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d, 860); *Stephens* v. *Walker,* 193 *Ga.* 330 (18 S. E. 2d, 537); *Murray County* v. *Pickering,* 196 *Ga.* 209 (26 S. E. 2d, 287). The refusal to reconvey is alleged to have been induced by another. Nevertheless, it was a refusal, and this denied the trust. Consequently, the decision in *Pittman* v. *Pittman,* 196 *Ga.* 397 (26 S. E. 2d, 764), where the prescriber recognized the trust within the seven-year period, would not apply here.

*Judgment reversed. All the Justices concur.*

No. 17581. Submitted September 11, 1951—Decided October 10, 1951.

*Pittman, Hodge & Kinney,* for plaintiff.
*Walter H. Bolling* and *Mitchell & Mitchell,* for defendant.