### EPPS *v.* EPPS.

HAWKINS, Justice. The original petition of Mrs. R. L. Epps alleged in substance: that on June 7, 1933, the petitioner entered into a contract to purchase certain described real estate in the City of Atlanta; that on June 30, 1933, she paid for the property with her own funds and had the seller make a deed thereto to her daughter-in-law, the defendant; that, simultaneously with the delivery of the deed to the defendant, the defendant executed a deed to the real estate without naming any grantee, and delivered it to the petitioner under an agreement between them that, at any time the petitioner desired to do so, she could fill in her name as grantee in the deed, and cause it to be recorded, copies of the contract and deed last referred to being attached to the petition as Exhibits "A" and "B" respectively. It was further alleged: that the petitioner remained in possession of the property, and was in possession thereof at the time of the filing of the petition, and paid taxes thereon from 1934 through the year 1943, and her son paid the taxes from 1943 through 1950 for the petitioner's use and benefit; that the petitioner has made all repairs and improvements which have been made to the property since she purchased it, and furnished it with the furniture, a list of which is attached to the petition, and has kept the furniture in repair; that she permitted the defendant to reside in the property along with the petitioner, and has never charged her for rent, upkeep, or taxes, such possession on the part of the defendant being purely permissive; that the defendant now claims that she has title to the property, and has told the petitioner that she must vacate the premises; that the petitioner has equitable title to the premises by reason of her payment of the purchase money and her possession thereof, and has legal title thereto by reason of the deed set forth as Exhibit "B"; that the defendant has no interest, legal or equitable, in the premises; that, as both the petitioner and the defendant occupy the property, the petitioner has no adequate remedy at law; that, under the circumstances alleged and under Code § 108-106 (1) and (3), a trust is implied in favor of the petitioner on account of the payment of the purchase money. She prayed that title to said property be decreed in her; that the apparent title held by the defendant is for the benefit of the petitioner; that the right of entry to the property described and the exclusive right to the possession thereof be decreed in the petitioner; that a writ of possession for the property described in Exhibit "B" issue in favor of the petitioner and against the defendant; that the defendant be temporarily restrained and permanently enjoined from seeking to evict the petitioner from the premises described, and from removing from the premises any of the furniture described in Exhibit "C" to the petition; for a rule nisi, and for general relief.

To this original petition the defendant demurred upon the grounds: (1) that it fails to set forth a cause of action either at law or in equity; (2) that it is barred by the statute of limitations, in that any cause of action the plaintiff had has been barred by seven years' possession, and more than eighteen years have expired prior to the bringing of the suit; and (3) that it is barred by laches, more than eighteen years having transpired from the date of the alleged purchase of the property before bringing this suit.

This demurrer was sustained by the trial court with leave to amend within fifteen days. Within that time the petitioner amended her petition by striking paragraph 13 thereof, which alleged: "The defendant now claims that she has title to said property, and has told petitioner that she must vacate the premises"; and alleged in the amendment that, on February 28, 1950, the defendant sued Paul Epps (the petitioner's son) for divorce and alimony; that in the petition for divorce the defendant stated that she had title to the property described in Exhibit "B", and a copy of the divorce petition is attached to the amendment; that on October 11, 1950, the defendant was granted a divorce with alimony, a copy of the decree being attached to the petition, and that from October 11, 1950, the defendant has claimed title to the properties described.

Upon a renewal of the original demurrers to the petition as thus amended, the trial court overruled the demurrers, and to this judgment the defendant excepts. *Held:*

1. While the demurrer to the original petition was properly sustained upon the theory that the petition showed that eighteen years had elapsed since title to the property was placed in the defendant, and an action to impose or enforce an implied or constructive trust as to land must generally be brought within seven years from the date the cause of action accrues (*Brown* v. *Brown,* 208 *Ga.* 404, 67 S. E. 2d, 128), the original petition having alleged that the plaintiff and the defendant occupied the premises jointly, and that the possession of the defendant was permissive only, and the amendment having alleged that the defendant first asserted an adverse claim to the property after the rendition of the divorce decree between the defendant and her husband in 1950—the action, having been instituted within seven years after such notice of adverse claim, was not barred by the statute of limitations or by laches. *Hadaway* v. *Hadaway,* 192 *Ga.* 265 (14 S. E. 2d, 874), *Brown* v. *Brown,* 209 *Ga.* 620.

2. "Trusts are implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another." Code, § 108-106 (1). "Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." § 108-104: "Such a trust does not arise from an agreement, but by implication of law from acts and conduct." *Stevens* v. *Stevens,* 204 *Ga.* 340 (1) (49 S. E. 2d, 895). "An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. It is a mere creature of equity." *McCollum* v. *McCollum,* 202 *Ga.* 406 (1) (43 S. E. 2d, 663); *Williams* v. *Porter,* 202

*Ga.* 113 (1) (42 S. E. 2d, 475); *Price* v. *Price,* 205 *Ga.* 623 (54 S. E. 2d, 578); *Clark* v. *Griffon,* 207 *Ga.* 255 (61 S. E. 2d, 128).

3. Applying the foregoing principles to the allegations of the petition in this case, it stated a cause of action, and the trial judge did not err in overruling the general demurrer thereto.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18108. SUBMITTED FEBRUARY 9, 1953—DECIDED FEBRUARY 24, 1953.

*Fine & Efurd, Robert T. Efurd* and *Noah H. Stone,* for plaintiff in error.

*Stephens Mitchell* and *Mitchell & Mitchell,* contra.