20519. CARTER *v.* RAYFORD *et al.*
20520. CARTER *et al. v.* RAYFORD *et al.*

DUCKWORTH, Chief Justice. These two cases are identical equitable actions to establish a trust to compel the defendants to

deed certain undivided interests in described land to the plaintiffs. The allegations show the following: On April 10, 1954, two brothers and a sister inherited certain land in Georgia as the only heirs of their deceased father, who did not leave a will. The sister, who resided in Georgia, contacted the two brothers, who resided in California and New York, respectively, and persuaded them to deed the property to her so that she might settle the estate. No consideration was given for the deeds, although both deeds recited $1.00 and "other valuable considerations"; but the sister verbally agreed that she would take and hold the property in trust and would at any time upon the request of the brothers reconvey or dispose of the property and divide said money among the heirs. The pleadings also state that from time to time the brothers inquired of her whether or not she had been able to clear up the estate, but she put them off. She died on February 27, 1957, having record title to the property, but not the equitable title. By will she bequeathed all of her property, real and personal, to the defendants. In case No. 20519, one of the brothers is the plaintiff, and in case No. 20520, the heirs of the other brother, now deceased, are the plaintiffs; and in each case the devisees under the sister's will are the defendants.

After a hearing on demurrers, the court sustained the general demurrers and dismissed both petitions, citing *Miller* v. *Shaw,* 212 *Ga.* 302 (1) (92 S. E. 2d 98) ; *Stonecypher* v. *Ga. Power Co.,* 183 *Ga.* 498 (189 S. E. 13) ; and *Waters* v. *Waters,* 124 *Ga.* 349 (3) (52 S. E. 425). The exceptions are to these judgments. *Held:*

The decisions of this court in *McKinney* v. *Burns,* 31 *Ga.* 295, and *Pittman* v. *Pittman,* 196 *Ga.* 397 (26 S. E. 2d 764), based upon facts identical in all material respects with the facts here, are controlling, and we believe it unnecessary to repeat here all that was there said. In those cases, as here, it was alleged that the deed in question was without consideration, good or valuable, that a parol trust was not attempted to be engrafted on an absolute deed, but the legal title was conveyed merely for a particular purpose only. In the *Pittman* case, at page 406, it was said: "Substantially and in legal effect the identical question here involved was decided by a unanimous bench in *McKinney* v. *Burns,* 31 *Ga.* 295, 299, where it was said: 'It is contended that a parol trust to the land can-

not be engrafted on the absolute deed·from Burns to Mc-Kinney. There is no attempt to do this. The legal title was conveyed to McKinney merely to enable him to pass it over to Mrs. Burns and her children. The deed is founded upon no consideration good or valuable. The title was conveyed to him for a particular purpose. It operates as a power merely. Powers of attorney are frequently executed in this way, and any attempt to hold or appropriate the land under such a power would constitute a fraud, against which equity would grant relief.'" The petitions stated a cause of action, and it was error to dismiss them on demurrer.

*Judgments reversed. All the Justices concur.*

SUBMITTED JUNE 8, 1959—DECIDED JULY 8, 1959—
REHEARING DENIED JULY 23, 1959.

*Wilbur B. Nall,* for plaintiffs in error.
*Eva L. Sloan,* contra.