### 21370. DODSON v. CULP.

Argued September 12, 1961—Decided October 5, 1961.

*Martin, Snow, Grant & Napier, D. D. Veal*, for plaintiff in error. *Peter J. Rice*, contra.

Grice, Justice. For review is the overruling of general and special demurrers to a petition to cancel a deed executed by the plaintiff to the defendant and to recover damages for the timber

alleged to have been cut by the defendant on the land described in the deed.

The petition, filed by Annie W. Culp on December 5, 1959, and twice amended, alleged the following circumstances and events with reference to her signing of the deed to the defendant: (1) that she and the other heirs at law of her parents are the owners of certain described tracts of land, the title to which they had been attempting to "straighten out" since 1953; (2) that the defendant approached the plaintiff on numerous occasions seeking to buy the above land or the timber on it but she told him she would not convey any interest in this land or timber without consulting her attorney; (3) that the defendant knew of the heirs' attempts to clear the title and represented to the plaintiff that he would help them by taking the title into his name, cutting the timber on a named tract (for which plaintiff understood he would pay her $1,000) and then reconveying the land to the heirs in accordance with their wishes; (4) that plaintiff is a colored woman, 73 years old, and believing that white people would do what they said they would, was induced to sign the deed by the defendant's repeated requests and his assurance that the instrument was solely for the purpose of clearing title and that he would give her $1,000 as her share for the timber he would cut; (5) that the defendant has caused large quantities of timber to be cut from this land and refuses to pay the proceeds to the plaintiff; and (6) that the deed was procured from her fraudulently and through misrepresentations, was not freely and voluntarily executed, was without consideration, and was signed by plaintiff after constant persistence on the part of the defendant and on a false representation that one of the other heirs had signed on representations similar to those made to plaintiff and that the other heirs had agreed to do so.

The prayers were for process, cancellation of the deed, judgment for the amount of timber cut from the lands, and general relief.

To the petition, as amended, the defendant interposed several grounds of general demurrer, including the absence of any fiduciary relationship authorizing the plaintiff to rely upon his

representations, the absence of any artifice by the defendant to prevent the plaintiff from reading the deed, the absence of allegations of actionable fraud; and the attempted addition of a new cause of action by the second amendment to the petition since it is based upon the deed being without consideration and not being freely and voluntarily executed, whereas the original petition is based upon fraud in obtaining the deed.

Grounds of special demurrer remaining after amendment urged that allegations as to the plaintiff's understanding of the nature of the deed, her understanding of the $1,000 purchase price, her belief that white people would do what they said they would, and the defendant's representations to another heir were immaterial, irrelevant and prejudicial.

All of the demurrers, both general and special, were overruled, thus producing the assignments of error for review here.

It is urged that the plaintiff's failure to read the deed before signing, under the circumstances alleged, prohibits her from obtaining relief. Reliance is upon such cases as *Lewis v. Foy*, 189 Ga. 596 (6 SE2d 788), and *West v. Carolina Housing &c. Corp.*, 211 Ga. 789 (89 SE2d 188), which apply the long and firmly established rule, applied in various factual situations, that "one having the capacity and opportunity to read a written contract, and who signs it, not under any emergency, and whose signature is not obtained by any trick or artifice of the other party, can not afterwards set up fraud in the procurement of his signature to the instrument." *Truitt-Silvey Hat Co. v. Callaway & Truitt*, 130 Ga. 637 (2) (61 SE 481).

But that rule and the cases applying it are not in point here. The rule as to failure to read "has been proclaimed and applied by this court only in cases where parties have sought to be relieved from their contracts, or have undertaken to have instruments reformed on account of fraud perpetrated by one of the parties on the other." *Green v. Johnson*, 153 Ga. 738, 749 (113 SE 402). The plaintiff is not seeking to repudiate the terms of this deed as being at variance with what the defendant represented its contents to be. Rather, her allegations show that the terms of the warranty deed are entirely consistent with what had been agreed between her and the defendant. She and

the other heirs desired a division of the various tracts of land. The defendant knew this and agreed to assist by taking title in himself and reconveying particular tracts to the persons entitled to them, pursuant to the division among the heirs: Thus, the deed was the means to that end. Its misuse is what the plaintiff seeks to correct.

The plaintiff's cause of action is not dependent upon proper allegations of fraud in the *procurement* of the deed involved here. Whether what the defendant did or intended prior to or upon the execution of the deed is sufficiently pleaded in form or substance to constitute fraud is not decisive in the view we take of the allegations here. Even attributing to the defendant the utmost propriety in his actions at that stage of events, what we determine to be of paramount consequence is his later *retention* of the property thus acquired instead of reconveying it in accordance with what the petition alleges to have been the purpose of the deed. That retention is the gravamen of the transaction alleged here.

This petition, seeking cancellation, may be sustained as one predicated upon a trust. "Trusts are implied—1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest. 4. . . . [not material here]." *Code* § 108-106. The situation at bar falls within the purview of both 1 and 3, supra, and not 2, which, by its terms, presupposes fraud in the procurement. Such decisions as *McKinney v. Burns,* 31 Ga. 295; and *Carter v. Rayford,* 215 Ga. 261 (109 SE2d 608), are controlling.

In the *McKinney* case, the grantee of the deed died without making the reconveyance as promised and acknowledged to the day of his death. The statement of facts is full and discloses no charge of fraud in his procurement of the deed. The opinion states: "It is contended that a parol trust to the land

cannot be engrafted on the absolute deed from Burns to Mc-Kinney. There is no attempt to do this. The legal title was conveyed to McKinney merely to enable him to pass it over to Mrs. Burns and her children. The deed is founded upon no consideration, good or valuable. The title was conveyed to him for a particular purpose. It operates as a power merely. Powers of attorney are frequently executed in this way, *and any attempt to hold or appropriate the land under such a power would constitute a fraud*, against which equity would grant relief." (Emphasis supplied.) Thus, the *McKinney* case places no importance upon fraud in procuring the deed, but stresses the significance of fraud later arising because of the retention of the property.

In the *Carter* case, the petition under attack alleged that two heirs had agreed with a third for the former to convey to the latter in order to settle the estate. The grantee agreed to hold the property and to reconvey upon request or to account to the grantors if she disposed of it. The original record of that case shows that no recital was made as to fraud in procuring the deed. The opinion quotes from and reaffirms the *McKinney* case, supra, and *Pittman v. Pittman*, 196 Ga. 397 (26 SE2d 764). It is clear that in these situations *retention* of the property breaches the implied trust of *Code* § 108-106. In this connection, see also *Stonecypher v. Coleman*, 161 Ga. 403 (1), 410 (131 SE 75).

Therefore, as against general demurrer, the petition sets forth a cause of action. This view of the case controls all of the demurrers, both general and special.

*Judgment affirmed. All the Justices concur.*