### 21691. VARELLAS v. VARELLAS et al.

HEAD, Presiding Justice. 1. Where land is bought by a member of a partnership with money belonging to the firm, and the legal title thereto is placed in the name of only one member, an implied trust arises in favor of the other partners, who become equitable owners, and tenants in common, of such land. *Code* § 108-106; *Cottle v. Harrold, Johnson & Co.*, 72 Ga. 830 (3); *Roach v. Roach*, 143 Ga. 486 (85 SE 703); *Purvis v. Johnson*, 163 Ga. 698 (4) (137 SE 50).

2. A petition seeking to establish an implied trust will fail where all the allegations are based solely upon an oral agreement setting up an invalid express trust. *Jones v. Jones*, 196 Ga. 492 (26 SE2d 602). However, where, from the nature of the transaction and the conduct of the parties, the law would imply a trust, an express oral agreement that one of the partners will hold the title to partnership property for the partners, with each partner owning an undivided one-third

interest therein, will not defeat the trust. *Pittman v. Pittman,* 196 Ga. 397 (2) (26 SE2d 764); *McCollum v. McCollum,* 202 Ga. 406 (1) (43 SE2d 663); *Stevens v. Stevens,* 204 Ga. 340 (2) (49 SE2d 895); *Price v. Price,* 205 Ga. 623, 629 (54 SE2d 578).

3. The petition alleges that the quitclaim deed made by the petitioner to one of the defendants, and other deeds made between the parties, were without consideration, good or valuable, and were solely for the purpose of facilitating the borrowing of money for the business of the partnership. While the petitioner would be estopped, as against a third person without notice, to assert his equitable interest in that part of the partnership properties conveyed by him to one of the defendants (*McWilliam v. Mitchell,* 179 Ga. 726, 728, 177 SE 579), under the facts alleged, his quitclaim deed to one of the defendants, conveying the land then held in trust by him for the use of the partnership, would not divest him of his equitable interest in the partnership properties. *Hodges v. Hodges,* 213 Ga. 689 (100 SE2d 888); *Carter v. Rayford,* 215 Ga. 261 (109 SE2d 608).

4. "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; . . ." *Code* § 85-1005. Under the allegations of the petition, the petitioner was in actual possession of a part of the properties as cotenant of the defendants at the time of the filing of the petition. The first notice that he had that the defendants were claiming adversely to him was on May 25, 1959, and his petition was filed on March 30, 1961. The petition does not show that his action was barred by the statute of limitations or by laches. *Wallace v. Mize,* 153 Ga. 374 (3) (112 SE 724); *Hadaway v. Hadaway,* 192 Ga. 265, 269 (14 SE2d 874); *Williams v. Porter,* 202 Ga. 113, 119 (2) (42 SE2d 475); *Epps v. Epps,* 209 Ga. 643 (1) (75 SE2d 165).

5. The petition as amended stated a cause of action, and it was error to sustain the general demurrer.

*Judgment reversed. All the Justices concur.*

Submitted June 13, 1962—Decided July 9, 1962.

*Platon P. Constantinides*, for plaintiff in error.

*John Wesley Weekes, Robert E. Mozley, Nick G. Lambros,* contra.