22197. HENDERSON v. HENDERSON.

MOBLEY, Justice. 1. An order denying a motion for summary judgment is *never* subject to review. *Code Ann.* § 110-1208;

*Burnam v. Wilkerson,* 217 Ga. 657 (1) (124 SE2d 389) ; *Macon Auto Auction v. Ga. Cas. &c. Co.,* 104 Ga. App. 245 (3) (121 SE2d 400) ; *Southern Guaranty Ins. Co. v. Beasley,* 106 Ga. App. 64, 65 (126 SE2d 260) ; *Howkins v. Atlanta Baggage &c. Co.,* 107 Ga. App. 38, 43 (3) (129 SE2d 158).

2. The allegations of the petition contained in the statement of facts, and particularly the allegations that plaintiff and defendant entered into a partnership agreement to purchase, operate, and hold for resale a tract of land; that plaintiff obtained an option to purchase the property, negotiated the purchase, and negotiated a loan to complete payment for the property; that defendant was to operate the farm, receive all proceeds from the operation, and pay the taxes and principal and interest on the loan as provided for in the sales contract, and each had the right to terminate the partnership at any time by a fifty-fifty division of the property or by a sale of the property and a fifty-fifty division of the proceeds of the sale, sufficiently state a case of partnership to withstand a general demurrer. *Floyd v. Kicklighter,* 139 Ga. 133 (1) (76 SE 1011) ; *Kilcrease v. Richards,* 212 Ga. 552 (93 SE2d 722).

3. Where land is bought as a partnership asset with money belonging to the firm, that money here being income from the operation of the partnership farm, and the legal title to the land is placed in the name of only one of the two partners, the law will imply from the nature of the partnership relationship a trust in favor of the other partner who becomes an equitable owner and tenant in common of such land. *Varellas v. Varellas,* 218 Ga. 125 (1, 2) (126 SE2d 680), and cases cited therein.

4. The quitclaim deed from the plaintiff to the defendant conveying all of plaintiff's right, title, and interest in the land owned by the partnership did not divest the plaintiff of his partnership interest in the land. In the unanimous decision of this court in *Varellas v. Varellas,* 218 Ga. 125, 126 (3), supra, it was held that: "The petition alleges that the quitclaim deed made by the petitioner to one of the defendants, and other deeds made between the parties, were without consideration, good or valuable, and were solely for the purpose of facilitating the borrowing of money for the business of the partnership. While the petitioner would be estopped, as against a third person without notice, to assert his equitable interest in that part

of the partnership properties conveyed by him to one of the defendants (*McWilliam v. Mitchell*, 179 Ga. 726, 728, 177 SE 579), under the facts alleged, his quitclaim deed to one of the defendants, conveying the land then held in trust by him for the use of the partnership, would not divest him of his equitable interest in the partnership properties. *Hodges v. Hodges*, 213 Ga. 689 (100 SE2d 888); *Carter v. Rayford*, 215 Ga. 261 (109 SE2d 608)." Here, as there, the petition alleges that the quitclaim deed was without consideration and was made for the purpose of facilitating the borrowing of money for the business of the partnership and for the additional purpose, not present in the *Varellas* case, of preventing the Internal Revenue Service from thinking that plaintiff shared in the proceeds from the operation of the farm. Accepting this as true as against general demurrer, the quitclaim deed would not divest plaintiff of his equitable interest in the land, which was partnership property. "In a court of equity, real estate owned by a partnership, may be treated as a part of the partnership funds, and as personal property . . ." *Black v. Black*, 15 Ga. 445 (3).

5. Certain grounds of general demurrer urge that the partnership agreement is not binding under the Statute of Frauds, *Code* § 20-401, because it is wholly or partially oral, is not to be performed within one year from the making thereof, and involves the purchase and sale of land. There are no allegations in the petition to show whether the partnership agreement is oral or partially oral and partially in writing. Demurrers which contain as their basis allegations of fact which do not appear on the face of the petition are speaking demurrers and must be overruled. *Teasley v. Jones*, 215 Ga. 135, 137 (2) (109 SE2d 514). Grounds of demurrer contending that a contract is not binding under the Statute of Frauds must be overruled where it does not affirmatively appear from the face of the petition that the contract in question is oral since the court will presume that the contract is in writing unless the contrary appears from the face of the petition. *Draper, Moore & Co. v. Macon Dry Goods Co.*, 103 Ga. 661 (30 SE 566, 68 ASR 136); *Bluthenthal v. Moore*, 106 Ga. 424 (2) (32 SE 344); *Walker v. Edmundson*, 111 Ga. 454 (36 SE 800); *Ansley v. Hightower*, 120 Ga. 719 (3) (48 SE 197); *Allen v. Powell*, 125 Ga. 438 (1) (54 SE 137). As to whether

or not the contract relied upon must be in writing to be binding, see *Code* § 75-101; *Black v. Black,* 15 Ga. 445 (3) ; *Mann v. Bowen,* 85 Ga. 616 (11 SE 862) ; *Lane v. Lodge,* 139 Ga. 93 (3b), 98 (76 SE 874) ; *Smith v. Padrosa,* 139 Ga. 484, 487 (1) (77 SE 639) ; *Manget v. Carlton,* 34 Ga. App. 556 (1) (130 SE 604) ; *Bone v. Faircloth,* 52 Ga. App. 23, 24 (1) (182 SE 400).

6. "Laches is an equitable defense, and a petition for equitable relief is not subject to demurrer on the ground of laches unless the allegations of fact affirmatively show such defense." *Hadaway v. Hadaway,* 192 Ga. 265, 269 (14 SE2d 874). The allegations of fact in the instant case fail to affirmatively show any basis whatsoever for application of the doctrine of laches, *Code* §§ 3-712, 37-119, because plaintiff had no knowledge that defendant was claiming adversely to him until defendant refused to dissolve the partnership in 1959, this action was filed in 1961, and no facts are alleged which would make it inequitable to enforce the implied trust. *Williams v. Porter,* 202 Ga. 113 (2) (42 SE2d 475); *Epps v. Epps,* 209 Ga. 643, 644 (1) (75 SE2d 165) ; *Varellas v. Varellas,* 218 Ga. 125, 126 (4), supra.

7. "A general demurrer to a petition as amended does not raise the question as to whether allowance of an amendment should have been refused because it proposed to add a new and distinct cause of action." *Aycock v. Williams,* 185 Ga. 585 (1) (196 SE 54) ; see also *Barnes v. Tant,* 217 Ga. 67, 68 (2) (121 SE2d 125).

8. A ground of demurrer raised the question of whether the plaintiff came into equity with unclean hands. The petition alleges that at the time of the execution of the deed placing title to the partnership property in defendant, plaintiff "was holding public office; that his income tax status was under question by the Internal Revenue Service; and that under the partnership agreement previously entered into between he [sic] and defendant it was understood that your plaintiff was to have no income from the operations, or operational proceeds of the farm but was only to have a fifty percent (50%) interest in the land itself," and that the deed was so executed "in order to clarify John Henderson's tax status, to remove himself from the possible contention of the Internal Revenue Bureau that he had an interest in the income of the productive operation

of the farm and further to provide the defendant with the ability to obtain future loans and financing, in the operation of the farm without requiring the signature of your plaintiff as co-maker." Under these allegations, the payments on the principal of the loan from the operation of the farm would enure to the benefit of the plaintiff in the amount of $750 (one-half the annual payment) per year. Whether or not that $750 per year would be taxable income need not be determined because even if it is taxable income of plaintiff the petition does not show that plaintiff failed to return it for taxes and to pay taxes thereon, and, therefore, the petition does not establish as a matter of law that the taking of title to the partnership land in defendant's name alone defrauded a creditor of plaintiff, the United States of America, such that a court of equity upon general demurrer would dismiss plaintiff's petition in reliance upon the doctrine of unclean hands. See in this connection *McKinney v. Atkinson*, 209 Ga. 49 (70 SE2d 769).

9. The grounds of special demurrer are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1963—DECIDED OCTOBER 14, 1963.

*Reed, Ingram & Flournoy, Conley Ingram, Greer, Hall & Morris, William Hall*, for plaintiff in error.

*Holcomb & McDuff, Frank Holcomb*, contra.