23128. VARELLAS et al. v. VARELLAS.

SUBMITTED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965—
REHEARING DENIED OCTOBER 19, 1965.

*John Wesley Weekes, Carl T. Hudgins, Nick G. Lambros,* for plaintiffs in error.

*Platon P. Constantinides,* contra.

COOK, Justice. Michael P. Varellas filed a petition against his brothers, Andrew P. Varellas and James P. Varellas, alleging that the parties were partners, and that in 1921 described property was purchased with the joint funds of the parties, title to the property being placed in the name of the oldest brother, Andrew P. Varellas, with the agreement between the petitioner and the defendants that the property would belong to them jointly, each owning an undivided one-third interest in the property. He alleged that the parties had engaged in various partnership ventures from 1921 until May, 1959, when the defendants sought to evict him from the property he was then oc-

cupying, notifying him that he had no interest in the business or the properties. He sought an accounting of the partnership accounts and a recovery of an undivided one-third interest in the described property. By amendment he alleged that three additional pieces of property were bought with partnership funds, and he was entitled to an undivided one-third interest in this property. Reference may be made to the statement of facts in *Varellas v. Varellas*, 218 Ga. 125 (126 SE2d 680), for further pleadings in the case.

On the trial, at the conclusion of the evidence, the judge eliminated from the consideration of the jury the issue of an accounting, stating that there was insufficient evidence to permit a decision on any amount that might be due the petitioner by the defendants. He submitted the case to the jury on two questions: (1) whether there was a partnership between the petitioner and the defendants with respect to any or all of the real estate described; and (2) if they found that there was a partnership, what undivided interest, if any, the petitioner has in any particular portion or portions of the property.

The jury found that there was a partnership, and that the petitioner owns one-third of the property described in the original petition. The defendants filed a motion for new trial, which was amended by the addition of two special grounds. They also filed a motion for judgment notwithstanding the verdict, in accordance with their motion for directed verdict. The exception is to the denial of these motions.

1. The defendants (plaintiffs in error here) assert that the evidence was insufficient to establish a partnership and to show that any funds of the petitioner were used to purchase the property in which the jury found the petitioner owns a one-third undivided interest. The evidence as to partnership was in sharp conflict, the petitioner testifying that the brothers operated as partners in numerous business ventures, and the defendants testifying that there was no partnership. The jury resolved this conflict in favor of the petitioner as to the property purchased in 1921 in the name of Andrew Varellas.

The defendants strongly urge that there was no evidence from which the jury was authorized to find that the petitioner

owns a one-third interest in any of the property he sought to recover. Counsel cite the ruling in *McDonald v. Dabney*, 161 Ga. 711 (10d) (132 SE 547), as follows: "In an equitable petition brought by one partner against another, for an accounting, for the establishment of his interest in the partnership assets, and for the recovery of an undivided half interest in real estate held in the name of the partner proceeded against, on the ground that such real estate was purchased with funds of the firm and title taken in the name of the partner for the use of the firm, the burden was on the plaintiff to show that, upon full accounting between them as to the partnership assets, he was entitled to an undivided half interest in the realty. Proof alone that such realty was bought with partnership funds would not entitle the complainant to an undivided half interest in such realty." Under the facts in *McDonald v. Dabney*, supra, it was necessary that an accounting be had in order to establish the interest each party had in the partnership funds with which the real property was bought.

Under the testimony for the petitioner in the present case, the jury was authorized to find that he came to this country from Greece, in 1910, when he was fourteen, to join the defendants, his older brothers, and that prior to the purchase of the property in 1921 the brothers had placed all amounts each could save from his individual earnings while working for employers, and all amounts saved from their profits in a joint business venture, into a common fund controlled by Andrew Varellas, the oldest brother, in order that they might purchase property and have a business of their own. The purchase of property with such funds would make all of the brothers equitable owners and tenants in common of the property. *Varellas v. Varellas*, 218 Ga. 125, supra, and cases cited; *Henderson v. Henderson*, 219 Ga. 310 (3) (133 SE2d 251). "Tenants in common may have unequal shares; they will be held to be equal unless the contrary appears." *Code* § 85-1001. Since the jury was authorized to find from the evidence that the parties mingled their funds and bought property jointly, the only finding authorized as to the shares of the parties was that the shares were equal.

The trial judge did not err in overruling the general grounds of the motion for new trial and denying the motion for judgment notwithstanding the verdict.

2. The first special ground of the motion for new trial asserts that the trial judge erred in charging the jury that "if he [the petitioner] was entitled to recover at all, it would be an undivided one-third interest." In accordance with the ruling in the preceding division, this was a correct statement to the jury.

3. In the second special ground of the motion for new trial it is asserted that it was error to refuse to give the following written request to charge: "In so far as the rights of third parties are concerned, a partnership may exist when none would exist as between the parties alone. This is a case involving only the parties to the transaction. An agreement whereby one of the contracting parties is to have an interest in profits alone is insufficient to establish a contract of partnership."

The question of the existence of the partnership as to third persons was not involved in the present case, and the trial judge correctly refused to give the written request to charge. *McDonald v. Dabney*, 161 Ga. 711 (4), supra.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*