UNITED STATES of America

v.

Robert D. WILLIAMS, Helen F. Williams, Fulton Federal Savings and Loan Association, and Robert Norman.

Civ. A. C81–32N.

United States District Court,
N.D. Georgia,
Newnan Division.

Sept. 29, 1982.

Barbara Harris, Asst. U.S. Atty., Atlanta, Ga., Lenore Distefano, Atty. for Tax Div., Dept. of Justice, Washington, D.C., for plaintiff.

Frank J. Shannon, III, Atlanta, Ga., for Robert D. Williams.

W. Rhett Tanner, Hansell & Post, Atlanta, Ga., for Fulton Federal.

Denis C. O'Brien, Marietta, Ga., for Helen F. Williams.

## ORDER

TIDWELL, District Judge.

This case came on for trial before the court on February 22, 1982. After considering all of the evidence as well as memoranda submitted by counsel subsequent to the trial, the court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. This is a civil action brought by the United States, authorized and requested by the chief counsel of the Internal Revenue Service, to reduce federal tax assessments against the defendant Robert D. Williams to judgment and to foreclose a federal tax lien on real property located at 102 Thornton Drive in Fayette County, Georgia.

2. All of the defendants reside within this judicial district and have been properly served.

3. Robert D. Williams filed federal income tax returns for the tax years 1976 through 1979, inclusive, showing a total tax liability thereon in the amount of $43,-350.99. Mr. Williams did not, however, pay these taxes with the returns. There is presently due and owing to the United States from Robert Williams the sum of $47,404.23, plus interest and statutory additions according to law. At trial, Mr. Williams, through counsel, admitted his liability for these taxes. On October 12, 1978, and March 23, 1979, the United States filed notices of federal tax lien with respect to the tax liability of Robert D. Williams with the Clerk of Superior Court of Fayette County, Georgia. On March 23, 1979, the United States also filed a notice of federal tax lien in the name of Helen F. Williams as nominee of Robert D. Williams, with respect to the specific property involved in this suit.

4. On September 26, 1975, the subject property was purchased in the name of Helen Williams, Robert D. Williams' mother. Robert Williams found the property and made arrangements for its purchase while his mother was overseas. He signed the sales contract and arranged for the deed to be drawn in his mother's name.

5. The purchase price of the property was $74,700. The subject property was

encumbered by a deed to secure debt given by one Grady Stone in favor of Fulton Federal Savings and Loan Association. The deed to secure debt had been duly recorded on May 6, 1974. The parties have stipulated that the interest of Fulton Federal Savings and Loan Association as shown in the deed to secure debt is superior to the lien claimed in the subject property by the United States.

6. At the time that the sale of the property was initially arranged, Robert D. Williams agreed to pay $5,000 to the seller Grady Stone as earnest money. At closing, Helen F. Williams assumed the first mortgage given by the seller Grady Stone to Fulton Federal Savings and Loan Association in the amount of $48,810.00. Helen Williams also borrowed $10,000 from Robert Norman for which she signed a note and a deed to secure debt, thereby creating a second mortgage on the subject property. Mrs. Williams paid an additional $11,475.39 at closing ($16,475.39 as shown on the closing statement less the $5,000 earnest money deposit). The conveyance from Grady Stone to Helen F. Williams was made by way of warranty deed.

7. The $10,000 note to Robert Norman was subsequently satisfied.

8. At the time of the purchase of the subject property, Mrs. Williams had been retired from her job as a saleswoman at Rich's Department Store for approximately six or seven years. Aside from Social Security, she had no source of income, and she filed no income tax returns after her retirement. Her bank account at the time of the conveyance showed a balance of only approximately $1,200.

9. Mrs. Williams claimed, however, that she had provided the funds for the payment made at settlement, allegedly from her accumulation of a large amount of cash over the years. Specifically, she asserted that she received a $14,000 check from Rich's when she retired in 1968 and that she received over $20,000 in insurance proceeds upon her husband's death. She maintained that she cashed these checks at her local bank, and hid the money she received in a glass fruit jar suspended in a concrete-lined well behind her house. Mrs. Williams testified that she has had as much as $35,000 in cash hidden in that well.

10. Robert D. Williams testified that the $5,000 earnest money payment was made with funds obtained from his mother's house and belonging to his mother, Helen F. Williams.

11. Robert D. Williams is a convicted drug dealer who dealt exclusively in cash, maintained no bank accounts, and held no property in his name. After the purchase, Robert Williams and his family moved into the house at 102 Thornton Drive. Thereafter, Robert Williams made all of the mortgage payments to Fulton Federal Savings and Loan Association in cash. His mother, Helen Williams, made none of the payments and has never resided in the house at 102 Thornton Drive, but has continued to reside in her own separate home in Luthersville, Georgia.

12. The court finds that although the legal title is in the name of Helen Williams, she holds that title for the use and benefit, and as the nominee of her son, Robert D. Williams. This is the factual conclusion which is mandated by the peculiar facts and circumstances of this case as set out herein.

13. Robert Williams made arrangements for the purchase of the subject property, signed the sales contract while his mother was out of the country, and caused the deed to be drawn in her name. It is clear from Mrs. Williams' testimony that the house was intended to be Robert's home and that it was purchased for his use and benefit.

14. The court finds that although Helen F. Williams provided the funds for the earnest money deposit and the cash paid at closing, as well as having paid off the loan from Robert Norman, the nature of the transaction as between Helen F. Williams and Robert D. Williams was such that these funds were considered to be a loan from Helen Williams to Robert Williams, such being the true intent of these parties at the time of the purchase. This is evidenced by Mrs. Williams' testimony that if

the property were to be sold, any proceeds remaining after the mortgage was paid off would go to Robert Williams, less the money that she had put into the property.

15. The evidence establishes that the subject property at 102 Thornton Drive, Fayetteville, Georgia, is, in fact, owned by Robert D. Williams and although the title is in the name of Helen Williams, she holds that title as the nominee of Robert D. Williams.

16. Helen F. Williams' interest in the subject property is limited to the sum of $26,475.39, as shown on the closing statement. Although Mrs. Williams testified that she subsequently expended additional sums on the property, the court discounts such testimony as being vague and unsubstantiated.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Robert D. Williams is indebted to the United States of America for unpaid federal tax liability in the amount of $47,404.23 plus interest and statutory additions.

■ 3. The United States has a lien upon all property and rights to property of the taxpayer, Robert D. Williams, to satisfy the aforesaid tax liability. 26 U.S.C. §§ 6321–6322. As the court has found as a matter of fact that the property at 102 Thornton Drive is owned by Robert D. Williams, the federal tax liens of the United States of America attach to his interest in the said property and should be foreclosed. *See, e.g., United States v. Miller Brothers Construction Corp.,* 505 F.2d 1031 (10th Cir.1974).

■ 4. Alternatively, the court concludes that Helen Williams holds the subject property in trust for Robert Williams. Under Georgia law, such trusts are implied "[w]henever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another." *Ga.Code Ann.* § 108–106. As this court has found that the money used to pay for the subject property was provided by Robert Williams (the total sum of $26,475.39 having been lent by Helen Williams to Robert Williams for this purpose), and that Robert Williams enjoyed the benefits of the property and paid the mortgage thereon, the court concludes that the property was subject to a resulting trust in favor of Robert Williams. *See, e.g., Epps v. Epps,* 209 Ga. 643, 75 S.E.2d 165 (1953).

5. As the court has found that the legal title to the property is held by Helen Williams in trust for Robert Williams pursuant to a resulting trust which was created by operation of law, the federal tax liens of the United States of America attach to Robert Williams' interest in that property and should be foreclosed. 26 U.S.C. §§ 6321–6322.

■ 6. The interest of Fulton Federal Savings and Loan Association, by virtue of its security deed which was recorded first in time, is entitled to priority over all other claims.

■ 7. The interest of Mrs. Williams is superior to that of the United States since it arose prior to the existence of the tax liability in question.

8. The property shall be sold free and clear of all liens and claims of the parties by a separate order of this court.